BROWN ET AL. *v.* CITY OF VICKSBURG.

[66 South. 983.]

1. NEGLIGENCE. *Action for damages. Declaration. Sufficiency. Cause of action. Municipal corporations. Torts.*

Where the declaration in a suit against a lumber company and a. city, for damages to a building, alleged that the damages resulted while the city was moving the building to lessen its liability for change of grade, from the giving away of defective sills furnished by the lumber company, and it appeared that the.

contractor accepted the sills and that the owner accepted the building from the contractor, and there was no allegation of deceit or concealment of such defects, or that the defects were latent and not discoverable by a reasonably careful inspection of the building, such declaration failed to state a cause of action against the lumber company.

2. MUNICIPAL CORPORATIONS. *Torts. Declaration. Sufficiency.*
    A declaration which alleged that a city "unlawfully took and damaged property for its public use," that plaintiff demanded compensatory damages therefor; that the city in an attempt to lessen, or compensate plaintiffs' damages aforesaid, elevated the building, and in doing so "carelessly, negligently, knowingly, improperly, and unlawfully raised and supported," the building, in consequence of which, together with the wrong of a lumber company in furnishing defective sills used in constructing the building, the damages resulted, stated a cause of action against the city for tort.

3. TORT. *Liability. Defense. Wrong of another.*
    In a suit for damages caused to a building while the defendant city was improperly raising the same to lessen its liability for a change of grade, it was no defense as to the city, that the wrongful act of a lumber contractor contributed to the injury.

APPEAL from the circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Action ‹by W. M. Brown and others, trustees of the King David Baptist Church of Vicksburg, Mississippi, against the city of Vicksburg and the Mississippi Lumber Company. From a judgment for defendant, both sides appeal.

Appellants, trustees of the King David Baptist Church of Vicksburg, Mississippi, filed suit for three thousand dollars damages against the city of Vicksburg and the Mississippi Lumber Company. The declaration, omitting the formal parts, is as follows:

"The said King David Baptist Church . . . in the year 1909 had built a frame house or building of worship in said city, . . . which said church house abutted on Bowmar avenue, a public street of said defendant city, and was built with reference to and about

two feet above the existing and established grade of said street. Said church house was thirty-six feet wide and sixty feet long; had a foundation of brick piers eight feet apart, and had wood sills six by eight inches around and under the outside walls of the building and a similar sill lengthwise under or through the center of said building, the said sills resting upon said piers.

"Plaintiffs aver that the defendant, the Mississippi Lumber Company, undertook to and did sell and furnish materials for said building to the contracting builder thereof, and particularly the said sills for said building, when and where it became and was the legal duty of said defendant lumber company to sell, furnish, and supply reasonably sound and suitable sills for said building, yet, notwithstanding its said legal duty in this regard, the said Mississippi Lumber Company negligently, unlawfully, and knowingly sold, furnished, and supplied, for use and incorporation in said building, knowing, or ought to have known, at the time the defective condition of the same and its intended use and purpose, a defective, weak, rotten, and unsound sill timber which was used in the construction of said building as a part of the said center line sill of said building, to wit, at the north end thereof.

"Thereafter, in the year 1911, the said defendant city unlawfully took and damaged the said private property of the plaintiffs for its public use, without any or due compensation having been first made to the plaintiffs in any or the manner prescribed by law, by changing and raising the said established grade of said Bowmar avenue of said city about ten or more feet in front of said church house, whereupon plaintiffs demanded of said defendant city compensatory damages for said unlawful injuries to said property. Thereupon, in pretended response to said demand of the plaintiffs, the defendant city, in an attempt to lessen or compensate plaintiffs' damages aforesaid, undertook to and did raise and

elevate said building up to the said new or raised grade of said street, so that the floor of said building would be and was about twelve feet from and above the subjacent ground and about even with or a little above the said new grade of said street, when and where it became and was the legal duty of said defendant city to raise and support said building in a reasonably safe, skillful, and workman-like manner and condition, yet, notwithstanding the said city's legal duty in this said regard, it carelessly, negligently, knowingly, improperly, and unlawfully raised and supported said building, in that the said building was so raised or "jacked up" at one side, end, or corner at a time as to disjoint, dislocate, and unfasten the parts of said building; the new piers were constructed so as to be crooked and leaning and insufficiently supporting; the mortar in said piers was defective and of insufficient weight-bearing quality or strength; the said piers were placed on the surface of the ground, and the said street was so raised and arranged that great volumes of water were collected and thrown with great and violent force against and under said piers so that the ground was thereby softened and washed from under said piers, in consequence of which the piers sank away from the support of said center sill; and it placed four timbers, two on each side of said building, from the ground center under said building, up to the side sills of said building, so that as said building settled or weight was placed in it, or as it was moved by the wind, said pretended supports disjointed, dislocated, and tore asunder the parts of said building.

"All which said acts and negligence of the defendants concurred together, to the effect and result that, on the 3d day of November, A. D. 1911, the last north end center pier gave way, and the said defective center sill, resting thereon, broke on account of its said defectiveness, and the giving way of said pier, causing the floor of said building to fall through to the ground, ruining said house

108 Miss. 33

for its purpose and destroying the furniture of said church, such as benches, chairs, etc., to plaintiff's loss and damages in the sum of three thousand dollars, all of which injuries and damages were due to the said negligence of the defendants concurring and together causing the collapse and destruction of said building and its contents, in that each contributed to and with the other in co-operation caused the said common injury and damage; wherefore plaintiffs sue for said sum and all costs," etc.

The lower court sustained a demurrer to this declaration, and this appeal is prosecuted.

*Hudson & McKay,* for appellant.

This case comes to this court on an appeal from a judgment of the circuit court of Warren county, sustained separate demurrers of the two appellees to the amended declaration of appellant in a joint action in tort, which judgment of the lower court, embodying a dismissal of the declaration, is assigned as error.

The defendant below, appellees here, demurred separately, but their grounds of demurrer are practically the same; and we shall, therefore, discuss the material grounds together, as is set out in a joint demurrer.

There are necessarily only three propositions to discuss in this case: First, does the declaration state a cause of action against the city of Vicksburg; second, does the declaration state a cause of action against the Mississippi Lumber Company; and third, does the declaration state a joint cause of action against the two appellees, or is a case of joint liability alleged.

We shall treat these propositions in the above order. First, is a cause of action in tort sufficiently stated by the declaration against the defendant city? We answer most assuredly there is.

Now let us test this full and explicit language by some of the abundant authorities. We might well content our-

selves with the citation of the case of *Flint & Walling Mfg. Co.* v. *Beckett*, 167 Ind. 491, 79 N. E. 503, 12 L. R. A. (N. S.) 924, and especially the most thorough subject note on "Tort for negligent breach of contract between private parties," which note is subjoined to the cited case at page 924 *et seq.* of 12 L. R. A. Webb's Pollock, Torts, pp. 533-536; 4 N. M. 173, 12 Pac. 699; 10 C. B. 83; 11 Clark & F. 44; 18 Ala. 467; 74 Ala. 170; 106 Ill. 222, 46 Am. Rep. 688; 1 Vin. Abr., p. 276; Keilway 78, pl. 25; 65 Ala. 586; 4 Johns 84; 149 Mass. 410; 3 Abb. Pr. 136; 78 Mo. 245; 10 N. C. 246; 30 Ala. 562; 31 N. C.——; 38 Wis. 603; 4 Allen, 504; 35 N. C. 39; 71 Vermont, 410; 48 Vt. 412; 28 N. J. L. 180; 111 Ala. 401; 22 Ark. 54; 12 Howl. pr. 208; 88 Pac. 1017.

Does the declaration sufficiently aver a cause of action in tort against the defendant, the Mississippi Lumber Company, who furnished the material for the construction of the church? It will be observed that the declaration sets out the legal duty and obligation of the Lumber Company to furnish for incorporation into the church building sound and suitable materials for the intended purpose and use. And the declaration further alleges that the defendant negligently and knowingly furnished a weak, rotten and defective center-sill timber, which caused the fall of the church building.

We submit all of the foregoing authorities on the proposition that an action in tort is maintainable against the defendant Lumber Company rather than an action of implied assumpsit. In fact only an action in tort is possible against the defendant Lumber Company.

We submit that the declaration alleges an abundantly sufficient cause of action against the defendant Lumber Company, and in support thereof we invite the court's attention to and consideration of the following authorities. 29 Cyc. on Negligence, p. 478; 31 L. R. A. 220; 21 L. R. A. 139; 15 L. R. A. 818; 61 L. R. A. 303; 66 L. R. A. 924; 2 Mees. & W. 519; 4 Mees. & W. 337;

104 Mass. 64 & 67, 31 L. R. A. 220. *Langridge* v. *Levy*, 2 Mees. & W. 519; *Wade* v. *Ogray*, 16 So. 168; *Steel Company* v. *Elmore, etc. Contracting Company*, 175 Fed. 176; *Lewis* v. *Terry*, 31 L. R. A. 220.

Does the declaration sufficiently state a joint cause of action in tort against the defendants? We submit that it most abundantly does. 5 Allen (Mass.) 29; 64 N. Y. 138; 124 N. Y. 319; 75 Fed. 689; Am. and Eng. Ency., 10 L. R. A. 696; 106 U. S. 700, 27 L. Ed. 266; 22 L. R. A. 261; 132 State Rep. 908; 53 So. 619.

We submit that the foregoing pointed authorities established beyond all question the abundant sufficiency of the allegation of joint tort against the defendants. Compressed into a few words, it is just a case of negligently weak sill depending upon a negligently weaker pier, and their weakness concurrently give away to the injury of plaintiff. One defendant was responsible for the sill; the other defendant was responsible for the pier. The negligent weakness of both together causes plaintiff's damages.

*Anderson, Vollor & Kelly*, for appellee.

The claim against the city in this case, as is manifest on the surface of the declaration, is; first, an action for a breach of contract, implied it may be, none the less a contract. The allegation is that in order to lessen or compensate plaintiffs for their damages caused by raising the grade of Bowmar avenue the city "undertook to and did raise and elevate said building," etc. Of course, the city could not have done this without the consent of plaintiffs, and the very fact that the suit was not against the city as a trespasser shows that it did have their consent, and if it had this consent, then it necessarily follows that the work was done under contract. Second, the plain inference of the claim further is that the contract was breached, or more correctly speaking the claim is that there was a breach of the implied warranty arising out

of the contract that the work should have been in a proper and workman-like manner, and that by reason of a breach in this regard the building collapsed and that damage occurred.

It seems to us that this is a proper and correct analysis of this proceeding against the city, and the conclusion is, therefore, unescapable. Third, a further manifest legal inference from the allegations of the declaration as to this defendant is that the work of raising the building had been completed, turned over to and accepted by plaintiffs. Any faulty work or material, such as is alleged, was done or put into the building, was open and patent to plaintiffs, for the allegation is that there was a space under the building of about twelve feet in height, so that the faulty condition of the piers or defective mortar and all other of the negligent acts complained of against the city were apparent to and easily seen by the plaintiffs, so that their acceptance of the work, when there was nothing whatever concealed or no fraud practiced upon them, estopped them from claiming the damages herein sued for. In other words, according to the allegations of the declaration, it is manifest that the building was received and accepted by plaintiffs with the knowledge on their part of its true condition. Besides this, there is nothing in the declaration which negatives this idea at all, and we submit that if such was not true, it was incumbent upon plaintiffs to allege it. It will be noticed further that there is no allegation of any element of deceit or concealment of the condition complained about on the part of this defendant. We say, therefore, that the principle announced in the case of *Mayor and Alderman of the City of Vicksburg* v. *Holmes,* 63 So. 454, applies and controls in this case. In fact, that case is predicated upon the same facts exactly as underlie the instant case. It was the same building in both instances which collapsed, and the same conditions prevailed in both cases, the only difference is that in the Holmes case it was par-

ties who were not connected with the contract between the city and the church who brought the suit, whereas, in the instant case it is the church people themselves who are suing. The court in that case said: "It is not sufficient to allege negligent construction. It must also be alleged that there was concealment of this dangerous condition when the building was turned over to its owners and accepted by them."

The court further says in that opinion: "It must be shown that the owner was unaware of the danger, and it must be shown that the city or its agent, concealed the defective material and workmanship."

We submit that this principle is bound to apply not only to the third parties suing in the Holmes case, but to the church people themselves. If they accepted this building knowing it was in the condition which they allege in their declaration it was in, then they have waived their right to damages, and are absolutely estopped to claim them in this proceeding. If they did not know it, or if they could not know it by the exercise of reasonable diligence, then it was incumbent upon them to so allege before they will be allowed to proceed further.

Therefore, the first two grounds of our demurrer, which, briefly stated, are that the declaration states no cause of action against this defendant, were good, and the judgment of the court sustaining the demurrer should be affirmed.

Now, passing from this phase of the case, we come to the other, and that is that there was a mis-joiner of causes of action and of defendants, both of which grounds are raised by our demurrer, and both of which were sustained by the judgment of the lower court. We will very briefly notice these propositions:

It joins in one count two antagonistic causes of action. It is clear that the suit against the city and the one against the Mississippi Lumber Company are absolutely dis-associated and are antagonistic and should not have

been joined in the same count. *R. R. Co.* v. *Abrams,* 84 Miss. 456; *R. R. Co.* v. *Wallace,* 80 Miss. 609.

We submit that there are joined in this declaration and in the same count an action *ex contractu,* and an action *ex delicto* which cannot be legally done. It is true that in the amended declaration, the whole action is called one of *ex delicto,* but it is evident that the complaint against the city arises out of contract and is, therefore, *ex contractu,* while the case they make against the Mississippi Lumber Company arises out of tort and is one *ex delicto.* Just here we desire to call the court's attention to a mistake we made in the fourth ground of our demurrer both to the original and amended declarations, wherein we say that the action against the Lumber Company was *ex contractu,* and the one against the city *ex delicto;* it should have been reversed and the statement was clearly a mistake. Such actions cannot be joined in the same proceeding and in the same count. *Hazelhurst* v. *Tel. & Tel. Co.,*—Miss. 386; 15 Ency. of Pl. & Pr., pp. 562 & 563; 38 Cyc., pp. 484 & 485; *Livesy* v. *First Nat'l Bank* (Colo.), 6 L. R. A. (N. S.) 598, especially page 602; 91 Va. 369; 87 Cal. 430; *French* v. *Construction Co.* (Ohio), 12 L. R. A. (N. S.) 669; 38 Cyc. 485; *Warren* v. *Parkhurst* (N. Y.), 6 L. R. A. (N. S.) 1149, and note.

Whatever may be the court's opinion as to whether or not the declaration in this case, states a cause of action against the city, it is absolutely manifest, we submit, that no semblance of a case is stated against the Mississippi Lumber Company under the authority of *The City* v. *Holmes,* 63 So. 454; *Thornton* v. *Dow,* 32 L. R. A. (N. S.) 968; *O'Brien* v. *Bridge Co.* 32 L. R. A. (N. S.) 980. If we are correct in this observation, then it follows that it was legally improper to join them both in the same action, and that either one or both, can take advantage of the proposition by demurrer, as was done in this case. *Helms* v. *Northern R. R. Co.,* 120 Fed. 389.

*J. C. Byson,* for appellee.

We think this case is necessarily controlled by that of *Mayor and Alderman of the City of Vicksburg* v. *Holms,* decided by this court on Dec. 8, 1913, and reported in the Advance Sheets of the Southern Reporter on December 27, 1913, and to be reported in Vol. 63 of the Southern Reporter. The facts in each of these cases are identical in that they grow out of the breaking down of the church floor. Holmes was merely one of the audience present and personally injured by the falling floor. In the case at bar the owners of the building sue for damages to the structure itself. For a collation of the authorities, we cite *Thornton* v. *Dow,* 60 Wash. 622, Ill Pac. 899, 32 L. R. A. (N. S.) 968, and notes; *O'Brien* v. *American Bridge Co.,* 110 Minn. 364, N. W. 1012, 32 L. R. A. (N. S.) 980, 136 Am. St. Rep. 503.''

No element of fraud, concealment or deceit is averred. Liability is predicated solely on the act of purchase and sale to an independent contractor. It appears on the face of the declaration that the Mississippi Lumber Company sold the lumber in question to the ''contracting builder'' but it is not averred under what specifications or whether even sound lumber was required; nor is it averred that the Mississippi Lumber Company did not furnish lumber of the kind and quality contracted for. If it did there could be no liability. There can be no implied liability to furnish lumber of a kind and quality superior to that contracted for; yet such liability must be assumed before this declaration can stand. When the independent contractor accepted the lumber in question, the liability of the lumber company ceased unless it be averred that there were latent defects known to the seller and not to the buyer and not discernible to the buyer on ordinary inspection. *V. & M. R. R. Co.* v. *Regsdale,* 46 Miss. 458; *Western Union Tel. Co.* v. *Clifton & Eckford,* 68 Miss. 307.

It is not conceivable that the Mississippi Lumber Company could have in mind that the city would, two years afterwards, raise the grade of Bowmar avenue twelve feet and correspondingly raise the church building.

Apart from all this, however, the declaration impliedly admits that the building was accepted by the trustees as fulfilling the contract. The sills were there open for inspection. These trustees, as the representatives of the church, could judge as well whether or not the timbers were sound and sufficiently strong to support the weight that would probably be placed upon them as the lumber company as the private contractor who built the church. Having accepted the building as constructed, it is too late for these parties to complain. They are equitably and legally estopped from saying that the lumber was not according to specifications required of the lumber company.

However this may be the lumber company is not chargeable with the result that flowed directly and proximately from the city's work. It is not alleged that the lumber company had anything to do with raising the grade of the street or of the church, or that it even knew that this change was being made. If it is to be charged with liability, it should certainly have had notice of the new and changed condition and of the increased hazard, and the increased strain put upon the timbers by permitting the piers to settle away from them. We submit that there can be no liability against the Mississippi Lumber Company upon this declaration.

Cook, J., delivered the opinion of the court.

In regard to the liability of the Mississippi Lumber Company the rule announced by this court in *City of Vicksburg* v. *Holmes*, 63 So. 454, 51 L. R. A. (N. S.) 469, seems to apply. In that case we cited, with approval, *Thornton* v. *Daw*, 60 Wash. 622, 111 Pac. 899, 32 L. R. A. (N. S.) 968.

In *Winterbottom* v. *Wright*, 10 Mees. & W. 115, it is said:

"If we were to hold that the plaintiff could sue in such a case, there is no point at which actions would stop. The safe rule is to confine the right to recover to those who enter into the contract. If we go one step beyond that, why should we not go fifty?"

In the case, from which we have quoted, the defendant contracted with the postmaster general to furnish and keep in repair a mail coach. By reason of the defendant's negligence the coach broke down and injured the driver of the coach. It was held that the driver could not maintain an action against the defendant for the injury.

In *Casey* v. *Wrought Iron Bridge Co.*, 114 Mo. App. 47, 89 S. W. 330, the reason for the rule is stated this way:

"But the better reason is that ordinarily in such cases there is found a break in the causal connection between the contractor's negligence and the injury. It is the intervening negligence of the proprietor that is the proximate cause, and not the original negligence of the contractor. By occupying and resuming possession of the work, the owner deprives the contractor of all opportunity to rectify his wrong. Before accepting the work as being in full compliance with the terms of the contract, he is presumed to have made a reasonably careful inspection thereof, and to know of its defects, and, if he takes it in the defective condition, he accepts the defects and the negligence that cause them as his own and thereafter stands forth as their author."

In the present case it will be assumed that the original contractor made a reasonably careful inspection of the material furnished by the Mississippi Lumber Company to ascertain whether the material was of the character the company had contracted to furnish. It will be noted that the declaration does not aver that the Mississippi

Lumber Company did not furnish the material it con-. tracted to furnish.

The lumber company was under contract with the contractor, and the contractor was responsible to the owner. It does not appear that there was any deceit, or concealment of the alleged defects in the sill.   It is sufficiently clear from the declaration that the contractor accepted the sills and used them in the building; that the contractor turned over the finished building to the owner, and the owner acepted same and occupied it as a church for two years preceding the injury for which recovery is sought.

A careful examination of the authorities leads us to conclude that the declaration does not state a cause of action against the Mississippi Lumber Company.   The mere charge of negligence does not demonstrate actionable negligence.   There is no averment that the alleged defectiveness of the lumber furnished was latent and not discoverable by a reasonably careful inspection, or that there was any deceit or concealment, on the part of this defendant.   Judge JAGGARD, in *O'Brien* v. *American Bridge Co.*, 110 Minn. 364, 125 N. W. 1012, 32 L. R. A. (N. S.) 982, 136 Am. St. Rep. 502; reviews the authorities upon the question here involved, and announces the approved rule in such cases.   See, also, Cooley on Torts, vol. 2, p. 1486 *et seq.*

The declaration makes out a case of tort against the city of Vicksburg.   It is charged that the city "unlawfully took and damaged the said private property of plaintiffs for its public use," that plaintiffs demanded of said defendant city compensatory damages, etc.; that the city, "in an attempt to lessen or compensate plaintiffs' damages aforesaid, undertook to and did raise and elevate said building up to the said new or raised grade of said street, so that the floor of said building," etc.   It is further charged that the city, in the prosecution of this work, "carelessly, negligently, knowingly, improperly,

and unlawfully raised and supported said building,'' which carelessness, negligence, and unlawfulness operating together with the alleged wrong of the Mississippi Lumber Company, caused the damage described in the declaration.

The city cannot complain because of the averment that the wrongful act of another contributed to the injury. It makes no difference that the plaintiff was injured by one who had contracted to do the work. The obligation to abstain from positive wrongs rests upon every one, and does not depend upon contracts, or other circumstances.

Affirmed as to the Mississippi Lumber Company, and reversed and remanded as to the city of Vicksburg.

*Affirmed as to Lumber Co.*

*Reversed and remanded as to. appellee.*