# New York Indemnity Co. *v.* Myers *et al.*

(Division B.   Dec. 7, 1931.)

[138 So. 334.   No. 29617.]

Watkins, Watkins & Eager, of Jackson, for appellant.

**E. C. Wright** and **Smith & Smith**, all of Holly Springs, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellees filed their petition in the chancery court of Marshall county in the matter of the administration of the estate of H. Myers, deceased, they being creditors of said decedent, who had probated and had their claims allowed, against I. C. Myers, executor of the last will and testament of said H. Myers, and appellant, the New York Indemnity Company, surety on his executor's bond; and against I. C. Myers as surviving partner of said decedent, and the American Surety Company, surety on his surviving partner's bond, to recover the amounts of their probated claims. Appellees demurred to the petition, which demurrer was by the court overruled; and appellant, the New York Indemnity Company, was granted an appeal to settle the principles of the case.

Perhaps the case could not be better stated than by setting out appellee's petition, leaving off the formal parts:

"Your complainants would respectfully show this Honorable Court that they are all creditors of the estate of H. Myers, deceased, and that each and all of the above complainants have duly probated their accounts against the said estate of H. Myers, in due form of law, in the

office of the chancery clerk of Marshall county, Mississippi, and that in each and every case the said probated account is attached hereto and made exhibits hereto and made a part hereof, being Exhibits 'A,' 'B,' 'C,' 'D,' 'E,' 'F,' 'G,' 'H,' 'I,' 'J,' and 'K,' 'L,' respectively in the order that the complainants are listed in the caption hereof.

"Your complainants would respectively further show that the said claim of Mrs. A. R. King, Inc., was duly probated and allowed and registered in the sum of one hundred ten dollars and fifty-five cents; that the claim of the Riesenberger-Wolf & Peck Company was duly probated, allowed and registered in the sum of sixty-five dollars and sixty-five cents; and that of the Malone & Hyde, Inc., in the sum of sixty-three dollars and fifty cents; and that of Field Bros. & Gross Company in the sum of seven dollars and fifty cents; and that of Oscar Schmied in the sum of eighty-eight dollars and fifty-three cents; and that of Walter Boothe Shoe Company in the sum of one hundred forty-three dollars and sixty-one cents; and two accounts of the Phillips-Jones Corp. in the amounts of one hundred seventy-seven dollars and of three hundred ten dollars respectively; and of Cyrus W. Scott Mfg. Company in the amount of seventy-seven dollars and fifteen cents; and of the Standard Overall Company in the amount of sixty-seven dollars and forty-seven cents; and of the Haggerstown Shoe & Legging Company in the amount of one hundred ninety-one dollars and ninety-five cents; and of Wagman, Penner & Levine in the amount of twenty-four dollars and fifty-three cents; and that on none of these accounts has an amount exceeding one-fourth thereof been paid, and on one or more, nothing has been paid.

"Your complainants would further respectfully show unto the court that H. Myers died on the —————— day of August, 1927, in Marshall county, Mississippi, where he had his fixed place of residence, and that defendant I. C.

Myers was duly appointed, qualified and commissioned as executor of his estate on August 29, 1927, in Cause No. 5411 on the general docket of the Chancery Court of Marshall county, and in said cause the last will and testament of said decedent was duly admitted to probate. The said executor qualified by filing the bond of the New York Indemnity Company as surety, which was duly approved on the 9th day of June, 1928, the order directing the executor to do so appearing on Minute Book '13' at page 508 in the records of this court; complainants would further respectfully show that the said I. C. Myers had before filing said bond as executor filed a bond as surviving partner, which said bond was executed by the American Surety Company of New York in the sum of twenty-five thousand dollars, on the 22nd day of September, 1927, and approved on the same date, and is on file in said cause No. 5411, styled H. Myers, Testator, v. I. C. Myers, Executor; and that said surviving partner's bond was later ordered reduced to nine thousand dollars, which said order was signed on March 12th, 1928, by the Chancellor and recorded in said records in Minute Book '13' at page 536, and a copy of each of said bonds is filed herewith, marked Exhibits 'M' and 'N' respectively.

"Complainants would further respectfully show that at the death of the said H. Myers, and on the date of the filing of the bonds referred to above as being executed by the New York Indemnity Company and the American Surety Company of New York, the said estate was solvent and there was sufficient personal property in the shape of the stock of goods, wares and merchandise on hand, and entrusted to the said I. C. Myers, executor, by virtue of said bonds and his office as executor, and surviving partner, on which said stock of goods, wares and merchandise there was created by the death of said H. Myers, a lien in favor of the above named complainants;

and in order to carry on the business of the said store, under the orders of this honorable court, the said I. C. Myers, executor, upon the execution of the said fifteen thousand dollar bond by the New York Indemnity Company, and twenty-five thousand dollar bond of the American Surety Company of New York, proceeded to dissipate the assets of said estate, and commingle the assets of said estate with that of the new firm in which he and the other heirs of H. Myers were interested; and though a long time has elapsed since the death of H. Myers your complainants are advised, and believe the facts to be, that the said executor has actually dissipated all the assets of the said estate without paying the claims duly probated and allowed by this honorable court of the above named complainants and made a lien against the assets of said estate by said probation, and in violation (of) his duty and in breach of the condition of the said bonds, and that the said New York Indemnity Company and the American Surety Company of New York, by reason of their contract in said bond set forth indemnifying the creditors of said H. Myers against any loss on account of the handling of the said estate by the said executor, I. C. Myers, and as surviving partner, are now liable to the said complainants for their several claims.

"Your complainants would further respectfully show that the general creditors of the estate of H. Myers, each of the complainants, and there are several claims against the executor and surviving partner and his bondsmen, enter into his suit against the said executor and surviving partner and the said bondsmen; and in order to avoid a multiplicity of suits this suit is brought as one suit—the liability of the said executor and surviving partner and the said bondsmen, the New York Indemnity Company, and the American Surety Company of New York, being a joint liability to all of the creditors.

"Premises considered, it is the prayer of complainants that the defendants above named, I. C. Myers, executor

and surviving partner of H. Myers, deceased, the New York Indemnity Company, and the American Surety Company of New York, be made parties defendant to this bill by the proper process of this court and required to answer the allegations of said bill; but not under oath, as answer under oath is specifically waived, and that they be required at the hearing of this cause to appear and show cause why said claims should not be fully and finally paid, as registered and allowed, together with legal interest and attorney's fees; less credits, when due; and that the court enter a money judgment in each case for the proper amount finally ascertained to be due the complainants in this cause against the said defendants, and that execution thereon issue according to law; or if mistaken in the relief prayed for, and/or entitled to other, further, different, extra, general or special relief, then complainants pray for such relief as they may be entitled to, and as to equity doth appertain.''

It will be noted from the petition that the alleged breach of the executor's bond consisted in the dissipation of the assets of the estate of the decedent, and commingling the assets of the estate with the assets of the new firm. The question is whether or not the petition sufficiently states a breach of the executor's bond. Executors and administrators, in the administration of the estate, are not required to use the highest degree of skill, but only ordinary care and diligence. They are not required to exercise any higher skill and prudence than that which is imposed upon any other agent or trustee; they are not insurers or guarantors. The measure of their care in the management and closing of the estate is that which an ordinarily prudent man would exercise under like circumstances in the management of his own affairs. 11 R. C. L., section 140, p. 133. And the liability of the surety on the bond of an executor or administrator is coextensive with that of the principal, and does not extend further. 11 R. C. L., section 351, p. 303.

The condition of the bond is therefore not that the personal representative will pay the debts of the estate in full, but will faithfully and diligently administer the affairs of the estate, and pay the debts in so far only as the assets of the estate will permit.

Applying the well-established principles that a pleading will be taken most strongly against the pleader, and that a pleading must be sufficiently specific and definite to put the adversary party on notice of the facts on which the pleader will rely to sustain his case, we think appellee's petition falls short of alleging a breach of the executor's bond. The charge in the petition that the executor had dissipated the assets of the estate is not sufficiently definite. It constitutes a conclusion from facts, rather than an allegation of facts; and the allegation in the petition that the executor had commingled the assets of the estate with the business of the new firm is also insufficient to call for an answer, because it fails to set out how the creditors have lost anything by such a commingling. The material facts relied on as constituting the dissipation and the commingling should be set out, if ascertainable by diligent investigation and inquiry; and, if they cannot be so discovered, the creditors will not be without remedy, for on a proper showing they would be entitled to discovery.

As we view the case, the other questions argued do not arise on the record now in this court.

Reversed and remanded.