PERRY et al. v. STANDARD OIL CO. et al.
No. 7916.

District Court, S. D. Mississippi, Jackson Division.
July 28, 1936.

Barbour & Henry, of Yazoo City, Miss., and Johnson & White, of Lexington, Miss., for plaintiffs.

G. G. Lyell, of Jackson, Miss., and A. M. Pepper, of Lexington, Miss., for defendants.

HOLMES, Circuit Judge.

The plaintiffs filed an action at law in the state court against the Standard Oil Company, a citizen of Kentucky, and H. R. Garnett, a citizen of Mississippi, claiming damages for the wrongful death of their husband and father, who was burned, and died from the injuries, when a lamp exploded by reason of illicit oil sold and delivered by defendants to a country merchant who, in turn, sold it for household purposes of illumination. It was alleged that the substance was too inflammable for kerosene, as defined by specifications of the Gasoline Inspection Act of 1930, in that it was below the flash point of 115 degrees Fahrenheit. Article 1, c. 116, Miss. Code of 1930 (section 4764 et seq.). The sale of such product for kerosene, it is claimed, was a misdemeanor under said act. Section 4783, Miss. Code of 1930.

Effort was made to remove the case to this court on the ground, among others, that no cause of action was stated against the resident defendant. The statutory formalities for removal having been complied with, the plaintiffs now move to remand. For the purposes of this motion, I take it to be true that Garnett, the resident defendant, was the agent who made delivery of the oil which exploded and burned the deceased. I also take it to be the law that if he mixed, substituted, or adulterated the product, or knew, at the time of delivery, it was below the flash point of 115 degrees Fahrenheit, he, at least, knowingly aided in the commission of a crime, and would be jointly liable with his employer, the nonresident defendant, for the direct and proximate consequences of his illegal act. On the contrary, if he neither mixed, substituted, nor adulterated the oil, and did not know that it was below the required flash point, but was merely the innocent instrument of the perpetrator of the wrong, he would be guilty of no crime or tort.

We look to the declaration to find whether a cause of action is stated against Garnett. If none is stated, the case should not be remanded even though under the facts one might have been stated. In examining it, under familiar rules of pleading in Mississippi, all doubtful allegations are construed most strongly against the plaintiff, and alternative allegations are reduced to the weakest averment in behalf of the pleader. New York Indemnity Co. v. Myers, 161 Miss. 784, 138 So. 334; Brown v. City of Vicksburg, 108 Miss. 510, 66 So. 983.

Viewing the declaration in this way, it appears that, while both defendants knew the purpose for which the kerosene

was purchased by 'Ellison, and the uses to which it would be put by his customers, there is nothing in the declaration to indicate that Garnett mixed, substituted, or adulterated it, or knew that it was below the required flash point; nor is there any factual statement of an act or omission by him of a criminal or negligent character. The mere delivery of the oil by a truck driver with no duty to inspect or analyze it, and nothing to put him on notice of its contraband character, is not sufficient to fasten liability upon him.

There is a plenitude of averment as to the duties of both defendants under the law and as to the negligent, willful, and wanton character of their acts in disregarding the law; but such allegations are mere conclusions of the pleader. Horton v. Lincoln County, 116 Miss. 813, 77 So. 796. An averment that the defendants knew the oil was mixed, adulterated, and below the flash point of 115 degrees Fahrenheit would be an allegation of fact, but there is none such in the declaration, and the allegation with reference to knowledge is weakened by the alternative averment that the resident defendant "negligently failed to comply with the law," which in itself is a mere conclusion. As, in the declaration, there are no well-pleaded allegations sufficient to state a cause of action against Garnett, the resident defendant, and as the removing defendant is a corporation organized under the laws of the state of Kentucky, the motion to remand should be, and hereby is, overruled.