469 So.2d 526 (1985)
Deanna Wimmer BOUTWELL, etc.
v.
Billy Mack SULLIVAN.
No. 54733.
Supreme Court of Mississippi.
May 8, 1985.
*527 Louis Fondren, Fondren & Harris, Pascagoula, for appellant.
Ernest Schroeder, Robert J. Dambrino, III, Carolyn Dohn, Bryan, Nelson, Allen, Schroeder & Backstrom, Pascagoula, for appellee.
Before ROY NOBLE LEE, P.J., and HAWKINS and PRATHER, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Deanna Wimmer Boutwell, widow of Sidney F. Boutwell, Jr., brought suit for herself and minor children against Thomas Newell Branan, Billy Mack Sullivan, Charles D. Branan and Bruce Branan for damages resulting from the death of their husband and father, Sidney F. Boutwell, Jr. The lower court sustained a motion to dismiss the complaint as to Billy Mack Sullivan on the ground that no cause of action was stated against him, and the Boutwells have appealed here, assigning four errors they contend were committed by the lower court.
The complainant charged that on July 2, 1982, at about 6:30 p.m. the Branans and Sullivan gathered in a joint adventure at the residence of Sullivan, particularly on the patio of Sullivan, where he kept and served to his guests a keg of beer; that from about 6:30 p.m. until 12:30 a.m., the Branans and Sullivan drank beer together and became intoxicated by the beer; that Sullivan knew one or more of the Branans would drive a 1975 Ford Maverick automobile, in which they were riding, when they left his home; that he furnished the Branans beer after they became visibly intoxicated, in violation of Mississippi Code Annotated § 67-1-83(1) (1972), as amended; that after they left the Sullivan home, all the Branans were under the influence of alcohol from drinking the beer; and that Thomas Newell Branan, driving the automobile approximately 1 1/4 hours later, negligently ran into a 1978 Harley-Davidson motorcycle, driven by Sidney F. Boutwell, Jr., resulting in the death of Boutwell; and that Sullivan's acts in furnishing the alcoholic beverage beer to the Branans, particularly Thomas Jewel Branan, constituted gross negligence on his part.
Appellant's first two assignments of error contend (1) that the lower court erred in sustaining the motion to dismiss the complaint because it stated a cause of action against Sullivan based on logical reasoning, justice, and public policy of the State of Mississippi on the theory that one furnishing alcohol to an intoxicated automobile driver should be held liable for the consequences of that driver's acts, and (2) that Sullivan violated Mississippi Code Annotated § 67-1-83 (1972), as amended, in furnishing alcoholic beverages to the Branans.
Section 67-1-83(1), upon which appellants rely under Assignment # 2, provides the following:
(1) It shall be unlawful for any permittee or other person to sell or furnish any alcoholic beverage to any person who is known to be insane or mentally defective, or to any person who is visibly intoxicated, or to any person who is known to habitually drink alcoholic beverages to excess, or to any person who is known to be an habitual user of narcotics or other habit-forming drugs. It shall also be unlawful for the holder of any package retailer's permit to sell any alcoholic beverages except by delivery in person to the purchaser at the place of business of the permittee.
*528 The above section relates to, and covers, a permittee or other person (ordinarily employee) who is not a permittee but is under the control and direction of the permittee. It applies to selling or furnishing any "alcoholic beverage".
Mississippi Code Annotated § 67-1-5 (Supp. 1984), defines "alcoholic beverage" as follows:
(a) The words "alcoholic beverage" mean any alcoholic liquid, including wines of more than four percent (4%) of alcohol be [sic] weight, capable of being consumed as a beverage by a human being, but shall not include wine containing four percent (4%) or less of alcohol by weight and shall not include beer containing not more than four percent (4%) of alcohol by weight, as provided for in section 67-3-5, but shall include native wines. The words "alcoholic beverage" shall not include ethyl alcohol manufactured or distilled solely for fuel purposes.

It is obvious that the section upon which appellants rely, viz, § 67-1-83(1), is not applicable to the case sub judice and appellant's reliance thereon is misplaced.
Mississippi Code Annotated § 67-3-53(b) (Supp. 1984), makes it unlawful for the "holder of a permit authorizing the sale of beer or wine at retail: ... To sell, give or furnish any beer or wine to any person visibly or noticeably intoxicated, ... ." However, the appellants are not helped by that section since it applies only to the holder of a permit for the sale of beer or wine. We have been cited to no statute, nor have we found one, which covers the facts charged in the complaint.
Appellants argue that the complaint stated a cause of action against Sullivan because logical reasoning, justice and public policy of the State of Mississippi support the theory that one who, with gross negligence, furnishes alcohol to an intoxicated person about to drive an automobile, and, as a result of his intoxication, that person is involved in a wreck which injures or kills another person, should be held liable. Appellants urge this court to abrogate and repeal the common law, which holds there is no liability in such a situation. They cite Munford, Inc. v. Peterson, 368 So.2d 213 (Miss. 1979), wherein we referred to Garcia v. Hargrove, 46 Wis.2d 724, 176 N.W.2d 566 (1970),[1] and the dissenting opinion of Chief Justice Hallows. The Wisconsin Supreme Court upheld the common-law principle which was stated in Munford, as follows:
Under the common law, there is no action for damages in the selling or giving away of intoxicating liquors. The rule is stated in 45 Am.Jur.2d Intoxicating Liquors § 553, at 852 (1969), as follows:
"At common law it is not a tort to either sell or give intoxicating liquor to ordinary able-bodied men, and it has been frequently held that in the absence of statute, there could be no cause of action against one furnishing liquor in favor of those injured by the intoxication of the person so furnished."
368 So.2d at 215.
We also stated that, when there is no statute pertaining to a subject, the common law prevails, citing City of Jackson v. Wallace, 189 Miss. 252, 196 So. 223 (1940).
Munford, Inc. involved the sale of beer by the holder of a permit authorizing beer sales. The permittee sold beer to intoxicated minors, particularly Peterson, who lost his life in a subsequent automobile accident. Munford's agent and employee violated § 67-3-53(b) and this Court held that Munford was guilty of negligence per se. The issue of probable cause was submitted to the jury. Thus, Munford is distinguished from the case sub judice.
Jurisdictions are divided on the question presented, although the majority of them uphold the common-law principle. The State of Pennsylvania in Klein v. Raysinger, 504 Pa. 141, 470 A.2d 507 (1983), declined to hold a social host liable for a third person's injuries. The Court affirmed the *529 common-law principle that it is the drinking of intoxicating liquor, not the furnishing of it, that is the proximate cause of injuries and damage. Subsequently, New Jersey held a social host liable, although on different facts. Kelly v. Gwinnell, 96 N.J. 538, 476 A.2d 1219 (1984). Gwinnell had been drinking intoxicating liquor in the home of Zaks. After leaving, he was involved in an automobile accident with Kelly. The New Jersey Supreme Court analyzed and compared strong public policy of discouraging drunken driving and compensation for victims of drunk drivers with the right of people to mix freely in a social situation and engage in social drinks with friends without the host having worries about keeping an eye on his guests. The holding was limited to those situations where the group was small enough that the host had some control over the liquor supply and guests.
The State of Georgia recently held a social host liable in Sutter v. Hutchins, 254 Ga. 194, 327 S.E.2d 716 (1985). In Sutter, the intoxicated party was seventeen (17) years of age. A Georgia statute [O.C.G.A. § 3-3-23(a)(1)] prohibited furnishing alcohol to individuals under the age of nineteen (19) years. The Georgia Court relied upon a duty, breach of duty, proximate cause and damage analysis, and decided that a social host has a duty to third persons not to serve alcohol to a visibly intoxicated minor with the knowledge that he would soon be driving, and that proximate cause of the accident was a question for the jury.
We recognize that there is a strong public policy to discourage driving while under the influence of intoxicating liquor. Also, we are aware of the problems a host would encounter in trying to control his guests, viz, in many social situations a host is unable to keep an eye on his guests and to what extent they are imbibing; if the guest is the host's employer, he may not be able to control him; a physical difference in size between host and guest would have bearing; in situations where the host and guest were friends, even though few people were involved, it might be difficult for the host to control his guests. Many other such instances could be enumerated.
In the case sub judice, neither Mississippi statutes nor the common law impose liability upon Sullivan. There might be situations, and cases may arise, where liability would lie against hosts who supplied intoxicating liquor to persons who were, or became, intoxicated, and third parties were injured. As to such instances, we cannot speculate here. We are of the opinion that this question, which involves strong public policy and change of the law, should be studied comprehensively and addressed by the Mississippi State Legislature.[2]
We have examined the other two assignments of error, (3) that there was a joint adventure between Sullivan and the Branans and (4) that § 67-1-83 is unconstitutional and that it denies equal protection of the laws to victims of torts, who are injured as a result of the violation of § 67-1-83, and we are of the opinion that they are without merit.
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Wisconsin follows the comparative-negligence doctrine.
[2] Following the Kelly v. Gwinnell decision, supra, the New Jersey Legislature has been studying and preparing probable legislation relating to the question. In California, the California Court decided in favor of liability on a host and the California Legislature nullified the effect of that decision. Coulter v. Superior Court of San Mateo County, 21 Cal.3d 144, 145 Cal. Rptr. 534, 577 P.2d 669 (1978).