**Donald F. WILSON, By and Through his Mother, Guardian and Next Friend, Linda C. WILSON, Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY INSURANCE COMPANY, Defendant.**

**Civ. A. No. S85–0984(NG).**

United States District Court, S.D. Mississippi, S.D.

April 13, 1987.

David O. McCormick and John L. Hunter, Pascagoula, Miss., for plaintiff.

Raymond L. Brown, Pascagoula, Miss., for defendant.

MEMORANDUM OPINION

GEX, District Judge.

This cause is before the Court on the parties' cross motions for summary judgment. For the reasons stated below, the Court is of the opinion that Plaintiff's motion should be denied and that Defendant's motion should be granted.

*I. Procedural History*

This action, which is a garnishment action against the Defendant, is derivative of litigation which precedes it. Plaintiff originally sued Willie M. Williams, Jr., d/b/a Williams & Son Convenience Store, in Jackson County Circuit Court (No. 84–5120) in

---

connection with injuries Plaintiff sustained in April, 1983, as a passenger in an automobile being driven on Highway 613 in Jackson County, Mississippi, by Deborah Kay Smith, who lost control of the vehicle, left the roadway and struck a pole. Wilson alleged, *inter alia*, that Williams violated Miss.Code Ann. Section 67–3–53(b) (Supp. 1984) by selling beer to Smith, who was under the age of eighteen at the time of the accident, and that such sale of beer to Smith without any effort by Williams to determine her age resulted in her consumption of the beer, her intoxicated condition, and the ensuing accident. Thereafter, counsel for Wilson and counsel for Williams reached a compromise arrangement whereby Williams made partial payment to Wilson, thereby insulating himself from any further personal liability, and a default judgment was allowed to be taken by Wilson against Williams for the remainder of the amount claimed.

In Civil Action No. S85–0660(N), a case filed in this Court, Williams sued his liability carrier, United States Fidelity and Guaranty Company ("USF & G", and the present Defendant in this cause), alleging that USF & G owed coverage to Williams and that it acted in bad faith when it declined to defend him and pay the subsequent judgment. The Court granted USF & G's motion for summary judgment on the basis of the applicability of the policy provision which excluded coverage for bodily injury "for which the insured … may be held liable … [b]y reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person." In so ruling this Court in essence rejected Plaintiff's contention that the definition of "alcoholic beverages" contained in Miss. Code Ann. Section 67–1–5 (Supp.1986), which excludes beer, should apply, and instead accepted the common and ordinary meaning of "beer" as a beverage contain-

ing alcohol. Consequently, the aforementioned policy exclusion obtained and the case was dismissed.

The Plaintiff has instituted the instant garnishment action against USF & G on the basis of Defendant's alleged liability coverage for Williams and its corresponding applicability to the judgment Wilson obtained against Williams.

## II. Conclusions of Law

Defendant, in support of its motion, cites this Court to its decision in Civil Action No. S85–0660(NG) and urges the dispositive application of that ruling to the virtually identical issue presented here. Plaintiff, in support of his motion, argues (1) that the Court should follow the Mississippi Supreme Court's decision in *Boutwell v. Sullivan*, 469 So.2d 526 (Miss.1985) and adhere to the definition of "alcoholic beverage" contained in Miss.Code Ann. Section 67–1–5 (Supp.1984), which excludes beer, and (2) that the particular exclusion provision contained in the subject policy and at issue here is ambiguous and thus should be interpreted by the Court in the manner which would afford coverage.

At the outset, the Court determines that the rationale which prompted the granting of Defendant's summary judgment motion in Civil Action No. S85–0660(NG) is just as applicable here, and so adjudges that Defendant's instant motion should be granted and the Plaintiff's motion denied on that basis alone.

■ Alternatively, the Court finds that Mississippi caselaw and statutory authority likewise warrant the same result. In *Boutwell, supra,* a wrongful death action was instituted on behalf of the decedent who had been fatally injured by one Branan who had been a social guest of one Sullivan at a function where beer had been served. Sullivan was made a Defendant in the suit which cited Miss.Code Ann. Section 67–1–83(1) (1972)[1] as the statute Sullivan had

---

1. This statute, which provides for criminal penalties in the event of its violation, provides in pertinent part:

It shall be unlawful for any permittee or other person to sell or furnish any alcoholic bever-

age to any person who is known to be insane or mentally defective, or to any person who is visibly intoxicated, or to any person who is known to habitually drink alcoholic beverages to excess, or to any person who is known to

allegedly violated. The Mississippi Supreme Court, in affirming the lower court's granting of Sullivan's motion to dismiss, referred to the definition of "alcoholic beverage" contained in Miss.Code Ann. Section 67–1–5 (Supp.1984) and concluded that as it specifically excluded beer, Plaintiff's reliance thereon was misplaced. The Court contrasted Miss.Code Ann. Section 67–1–83(1) with Miss.Code Ann. Section 67–3–53(b) (Supp.1984) by noting that the latter statute applies only to the holder of a permit for the sale of beer or wine. *Boutwell* further held that Mississippi common law also did not impose liability upon Sullivan.

In the case *sub judice* Plaintiff's state court action was grounded on Miss.Code Ann. Section 67–3–53(b) (Supp.1984) [2] which specifically mentions beer as one of the libations prohibited from sale under certain conditions. Plaintiff's contention that Miss.Code Ann. Section 67–1–5 (Supp.1984) should somehow be read in conjunction with Miss.Code Ann. Section 67–3–53(b) (Supp.1984) to effect the result of beer under the latter statute not being considered an alcoholic beverage for purposes of insurance policy interpretation is without merit. *Boutwell* does not direct or suggest such a conclusion and neither does caselaw concerning a court's construction of language contained in insurance policies. *See Porter v. American Optical Corp.*, 641 F.2d 1128 (5th Cir.) *cert. denied*, 454 U.S. 1109, 102 S.Ct. 686, 70 L.Ed.2d 650 (1981) (as a general rule, insurance policies are to be construed in accordance with general principles of contractual construction); *Ferguson v. Provident Life & Acc. Ins. Co.*, 155 So. 168 (Miss.1934) (terms of accident policy should be understood in plain ordinary, and popular sense); *Aero Intern. v. United States Fire Ins. Co.*, 713 F.2d 1106 (5th Cir.1983) (without an affirmative expression of an overriding public policy by the Mississippi courts or legislature, district court is constrained to enforce the parties' agreement according to its plain meaning). Moreover, in both *Munford, Inc. v. Peterson*, 368 So.2d 213, 216 (Miss. 1979) and *Cuevas v. The Royal D'Iberville Hotel, et al.*, 498 So.2d 346 (Miss.1986) the Mississippi Supreme Court equated beer with alcoholic beverages. Here, the Court sees no conflict or inconsistency existing between the subject exclusion provision contained in Defendant's policy and Miss. Code Ann. 67–1–5 (Supp.1984), that would justify incorporating that statute into the policy so as to extend coverage, especially since it has not been construed together with Miss.Code Ann. Section 67–3–53(b) (Supp.1984) as *Boutwell* did with it and Miss.Code Ann. Section 67–1–83(1) (Supp. 1984). *Cf. Dunnam v. State Farm Mut. Auto. Ins. Co.*, 366 So.2d 668 (Miss.1979).

Finally, the Court addresses Plaintiff's contention that as the subject policy provision is ambiguous and reasonably susceptible to more than one interpretation, it should be construed against the insurer and in favor of the insured's indemnity. *See Brander v. Nabors*, 443 F.Supp. 764 (N.D.Miss.), *aff'd.* 579 F.2d 888 (5th Cir. 1978). The subject exclusionary provision provides in pertinent part:

This insurance does not apply:

\*   \*   \*   \*   \*   \*

(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable

---

be an habitual user of narcotics or other habit-forming drugs. It shall also be unlawful for the holder of any package retailer's permit *to* sell any alcoholic beverages except by delivery in person to the purchaser at the place of business of the permittee.

The Court takes judicial notice of the passage of Senate Bill No. 2519 in the 1987 Mississippi legislative session. The act provides, *inter alia,* that no holder of an alcoholic beverage or beer permit who *lawfully* sells intoxicating beverages to a person who may lawfully purchase such beverages shall be civilly liable for damages caused by the intoxication of such person. (emphasis in original). This Court's decision herein thus would not be affected thereby even if this act were deemed applicable to the case *sub judice.*

2. This statute provides in pertinent part that it shall be unlawful for the holder of a permit authorizing the sale of beer or wine at retail:

To sell, give or furnish any beer or wine to any person visibly or noticeably intoxicated, or to any insane person, or to any habitual drunkard, or to any person under the age of eighteen (18) years.

(1) as a person or organization engaged in the business of manufacturing, distributing, selling, or serving alcoholic beverages, or

(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed

(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above;

 Whether an ambiguity exists is a question of law for the Court to decide. *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1175 (5th Cir.1981). The Court is satisfied that no ambiguity is presented by the plain reading of this provision. Williams' affidavit clearly states that at the time of the accident he was the owner of the Williams & Son Convenience Store which did business selling beer under the applicable state license or permit. As such, Williams, d/b/a Williams & Son Convenience Store, was "a person or organization engaged in the business of ... selling ... alcoholic beverages...." No resort need be made to subparagraph (2) which follows since its application is limited to the circumstances where the insured is "not so engaged" in an enterprise described in subparagraph (1). Since the Court has found the exclusion provision unambiguous, it need not indulge in the presumption that the policy should be construed against the insurer. *Foreman v. Continental Cas. Co.*, 770 F.2d 487, 489 (5th Cir.1985). Under Mississippi law, "... insurance contracts, like all other contracts, where clear and unambiguous, must be construed exactly as written." *Id.*

Accordingly, the Court determines that Defendant's motion for summary judgment should be granted and that Plaintiff's motion for summary judgment should be denied. Counsel for Defendant is instructed to furnish the Court with a Judgment consistent with this finding within ten (10) days from the date hereof.