## STOKES et al. v. GREAT SOUTHERN LUMBER CO. et al.

District Court, S. D. Mississippi, Jackson Division.    August 8, 1927.

No. 7088.

**1. Removal of causes ⊜⟹49(3)—Where plaintiffs sued jointly nonresident corporation and resident employee, but no cause of action was stated against resident employee, cause was removable.**

Where plaintiffs filed suit in state court against nonresident lumber corporation, operating logging steam railroad, and its engineer, citizen of state in which suit was instituted, but no cause of action was stated against engineer, cause was removable.

**2. Pleading ⊜⟹8(17)—In pleading negligence, facts must be exhibited showing negligence.**

It is not sufficient to allege negligence merely as a legal conclusion, but facts must be exhibited showing in what negligence consisted.

**3. Railroads ⊜⟹251—Under statute creating presumption of negligence on proof of injury by operation of train, facts showing negligence need not be alleged (Laws Miss. 1912, c. 215).**

Under Laws Miss. 1912, c. 215, under which negligence is presumed against company on proof of injury inflicted by operation of trains, facts showing negligence of company need not be alleged; it being sufficient to charge that person was injured or killed by running of train.

**4. Railroads ⊜⟹251—Statutory presumption of negligence, on proof of injury by operation of train, does not exist against engineer; "individuals;" "of" (Laws Miss. 1912, c. 215).**

Under Laws Miss. 1912, c. 215, under which negligence is presumed on proof of injury inflicted by running of engines, locomotives, or cars, such presumption of negligence does not exist against engineer, since word "individuals," as used in statute, was not intended to create presumption of negligence against individuals using locomotives or cars in capacity of employees, but only against individuals standing in relation of master or owner to an injured employee or other party, and word "of" denotes possession and limits class of individual defendants using engines, locomotives, or cars to cases of injuries inflicted by locomotives or cars belonging to or in possession of such individuals.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Individual; Of.]

**5. Removal of causes ⊜⟹102—Complaint in suit against nonresident corporation and resident engineer, charging engineer with negligently operating train, did not state cause of action against him, and case could not be remanded (Laws Miss. 1912, c. 215).**

In suit filed in state court, and later removed to federal court, against nonresident corporation operating railroad and its resident engineer, where complaint stated cause of action against nonresident corporation, but alleged that engineer negligently caused cars to come together with tremendous force, without stating facts showing negligence, no cause of action was stated against resident defendant, under Laws Miss. 1912, c. 215, and motion to remand case had to be overruled.

At Law. Action by Mrs. Fannie May Stokes and others against the Great Southern Lumber Company and another, instituted in state court. On petition of defendants, cause was removed, and plaintiffs move to remand. Motion overruled.

M. S. McNeil, of Hazlehurst, Miss., for plaintiffs.

Brady, Dean & Hobbs, of Brookhaven, Miss., for defendants.

HOLMES, District Judge. The plaintiffs, Mrs. Fannie May Stokes et al., filed suit in the state court jointly against the Great Southern Lumber Company, a nonresident corporation operating a logging steam railroad, and its engineer, Otho Dykes, a citizen of Mississippi. On petition of the defendants, the cause was duly removed, and motion is now made by the plaintiffs to remand.

[1] While several grounds are urged by the defendants in support of jurisdiction here, it will suffice to say that, if no cause of action is stated against the engineer, the resident defendant, the cause is removable. It appears from the face of the declaration that the plaintiffs' intestate, while employed as a brakeman of the defendant lumber company, was killed while undertaking to couple cars, because, in the language of the declaration, "the engineer, Otho Dykes, the agent and servant of the defendant, in charge of and operating the engine, negligently caused said cars to come together with tremendous force, thereby crushing defendant between said two cars and killing him instantly."

[2] It is not sufficient to allege negligence merely as a legal conclusion, but facts must be exhibited showing in what the negligence consisted. Horton v. Lincoln County, 116 Miss. 813, 77 So. 796.

[3] It is conceded that under the Mississippi statute (chapter 215, Laws 1912) negligence is presumed against the company upon proof of injury inflicted by the operation of the trains. In such case it is sufficient to charge that the person was injured or killed by the running of the train. Hudson v. Railroad Co., 95 Miss. 42, 48 So. 289.

But it is urged that no such presumption of negligence arises against the engineer, and that therefore no cause of action is stated against him. The plaintiffs claim that under chapter 215 of the Laws of 1912 the same presumption of negligence exists against the engineer as against the company, and that therefore, even though negligence is not sufficiently alleged in the declaration, a presumption of negligence exists against the engineer by reason of the statute upon the simple allegations that the deceased was killed by the train while being operated by the engineer.

[4] Chapter 215 of the Laws of 1912, amending section 1985 of the Code of 1906, extends the presumption of negligence, upon proof of injury inflicted by the running of engines, locomotives, or cars, to all actions against railroad and all other corporations, companies, partnerships, and individuals using engines, locomotives, or cars under the circumstances therein stated. The word "individuals," as used in the statute, was not intended to create a presumption of negligence against the individuals using the locomotive or cars in the capacity of employés, but only against those individuals who stand in the relation of master or owner to an injured employé or other party.

The statute raises the presumption of negligence against the Great Southern Lumber Company alone, because the injury was inflicted by the cars "of" such company. So far as applicable to individual defendants, the statute reads as follows:

"In all actions against * * * individuals using engines, locomotives, or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, for damages done to persons or property, proof of injury inflicted by the running of the engines, locomotives or cars *of* any such * * * individual shall be prima facie evidence of the want of reasonable skill and care of such * * * individual in reference to such injury. This section shall also apply to passengers and employés of * * * such * * * individuals."

The word "of" (above underscored), as used in the statute, denotes possession or ownership, and limits the class of individual defendants "using engines, locomotives, or cars" to cases of injuries inflicted by locomotives or cars belonging to or in the possession of such individuals.

The case of Poorman v. Cleveland, C., C. & St. L. Ry. Co. (D. C.) 255 F. 985, has been duly considered and is not regarded as applicable. The Illinois statute there involved created a prima facie case of negligence against "those in the use and occupation of the railroad as owners, lessees, or mortgagees, and those at the time having the 'care and management' of the engine." This statute was held to embrace an engineer, but it is clearly broader than the Mississippi statute under consideration.

[5] Therefore, as a cause of action is stated against the nonresident, and none is stated against the resident defendant, the motion to remand will be overruled.