HART *v.* NORTH AMERICAN ACC. INS. CO.

(Division B. May 20, 1929.)

[122 So. 471. No. 27914.]

*Henry, Canizaro & Henry* and *Brunini & Hirsh,* all of Vicksburg, for appellant.

*Dabney & Dabney,* of Vicksburg, for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellant brought this action in the circuit court of Warren county against appellee on an accident insurance policy, issued by appellee to James T. Hart, the husband of the appellant, to recover the indemnity provided in the policy for the death of her husband, which, by the terms of the policy, was payable to appellant. Appellee demurred to appellant's declaration, which demurrer the court sustained, and appellant declining to plead further, a final judgment was entered dismissing the suit, from which judgment appellant prosecutes this appeal.

The provisions of the policy upon which the solution of the question involved depends follow:

"This policy provides indemnity for loss of life, limb, sight, or time by accidental means, as herein limited and provided. No. 6357161, North American Accident Insurance Company, . . . does hereby insure James

Thomas Hart, age fifty-two of Vicksburg, Mississippi, (hereinafter referred to as the insured), subject to the limitations and conditions herein contained, against death or disability resulting directly, independently, and exclusively of all other causes from bodily injuries effected solely through external, violent, and accidental means during the term of this policy, and sustained by the insured in the manner following:

"Paragraph 2. By the wrecking of a taxicab, public omnibus, automobile stage, private automobile, or private horse-drawn vehicle, in or on which the insured is riding or driving, provided that such conveyance is not being used in a racing or speed contest, or for a criminal purpose, or to escape the consequences of an illegal or criminal use or arrest by vested authority; or by a policeman or a member of a volunteer or paid fire department, while on duty."

And in paragraph 4, under General Provisions, we find: "No indemnity will be paid for loss of life, limb, or sight caused by other means or under other conditions than those set forth therein."

The manner in which the insured was injured, from which injury he died, is set out in the declaration in the following language: "That the said insured, James Thomas Hart, deceased, on Thursday, the 13th day of September, 1928, while on the State Highway just east of Vicksburg, and driving at that time a four-mule team attached to a log wagon, he, the said deceased, James Thomas Hart, was riding one of the mules which was drawing the said log wagon, when the saddle stirrup broke as the animal on which he was riding stumbled and wrecked the team, and precipitated the said deceased to the ground, dragging him some distance, and thereby resulting in his injury and death."

Under the principle that a pleading must be construed most strongly against the pleader, appellant's declaration made this kind of case. The insured was hauling

 405

logs on a log wagon drawn by a team of four mules, riding, at the time of the accident, on the right-hand tongue mule while driving the team. The mule on which the insured was driving stumbled, causing one of the stirrups of the saddle on which he was riding to break, precipitating him to the ground and dragging him some distance after falling. The injuries caused by the fall resulted in his death. There is no charge in the declaration that the wagon was wrecked. It does charge that the team was wrecked, but is silent as to what constituted the wrecking of the team, unless it was the mere stumbling of the mule on which the insured was riding. In other words, the declaration is entirely silent as to whether the wagon or the team drawing it was wrecked, except the allegation, as stated, that the stumbling of the mule on which the insured was riding wrecked the team. The log wagon was a "private horse-drawn" vehicle.

Section 2 of the policy provides indemnity for an injury caused by the *"wrecking . . . of a private horse-drawn vehicle,* in or on which the insured is riding or driving." (Italics ours.)

There are two questions argued, namely: (1) Was the log wagon wrecked; and (2) was the insured riding or driving in or on it? "The terms used in an accident insurance policy should be understood in their plain, ordinary, and popular sense rather than in a philosophical or scientific sense." *Richards* v. *Standard Accident Insurance Co.,* 58 Utah, 622, 200 P. 1017, 17 A. L. R. 1183. Applying that principle to the policy here involved, we think it plain that neither the log wagon nor the team that was drawing the wagon was wrecked; and, furthermore, that when the insured received his injury, he was not riding or driving in or on the log wagon.

It follows from these views that there was no liability on the policy.

*Affirmed.*