## FERGUSON *v.* PROVIDENT LIFE & ACCIDENT INS. CO.

(Division B. May 28, 1934.)

[155 So. 168. No. 31274.]

Paul B. Johnson, of Hattiesburg, for appellant.

**Deavours & Hilbun,** of Laurel, for appellee.

Argued orally by **Paul B. Johnson,** for appellant, and by **Henry Hilbun,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant's decedent was engaged, at the time of his death, in the business of moving small houses, for which purpose he was using a vehicular contrivance which, for want of a better name, we may call a trailer. It consisted of six strong wheels operating upon large axles, and the device was of such character that a small house could be loaded upon it, and the house could be moved along the public highways by attaching two tractors as the

motive power. While operating this contrivance with a house loaded upon it, appellant's decedent was run over by the trailer and was killed. The accident happened while the decedent was walking on a public highway and alongside the said trailer.

Appellant's decedent was insured by an accident policy which insured against injury "in consequence of being struck, run down or run over by a moving automobile while the insured is walking on or across a public highway." The question is, whether the contrivance above briefly described was an automobile within the meaning of the policy contract. In Hart v. Accident Ins. Co., 154 Miss. 400, 405, 122 So. 471, 472, we said that "the terms used in an accident insurance policy should be understood in their plain, ordinary, and popular sense;" and adhering to that rule of interpretation, it was held in Neighbors v. Life & Cas. Ins. Co., 182 Ark. 356, 31 S. W. (2d) 418, that the term "automobile," as used in an accident policy, must be interpreted according to its ordinary acceptation and to mean a motor-driven vehicle having four wheels, body, sides, and top, suitable and intended for the conveyance of persons upon the public roads and streets. While we would not commit ourselves to a definition of the term "automobile" in a contract of this kind so narrow in specifications as that given in the Neighbors case, we do assent to the principle of adjudication therein illustrated, and we therefore hold that the machine or vehicular contrivance in this case was not an automobile within the terms of the policy.

Appellant argues that to include the case here before us as coming within the term would not be to overstrain the term, because the insurer knew at the time the policy was issued, as the argument asserts, that the insured was engaged in this business, and was using the vehicular contrivance above described, and that the parties should therefore be held to have contemplated the device as within the protection of the policy. Leaving aside other difficulties in sustaining that contention, the evidence

fails to disclose that the decedent was using or had begun to use the contrivance at the time the policy was issued. The application for the policy is exhibited in the record, and we note the following answers made by the decedent in his application: "What is your occupation? Real estate dealer. What is your work in connection with automobiles, trucks or other vehicles? None."

Affirmed.