360 So.2d 695 (1978)
CONTINENTAL CASUALTY COMPANY
v.
James W. HESTER et al.
No. 50395.
Supreme Court of Mississippi.
July 12, 1978.
Luckett, Luckett, Luckett & Thompson, William O. Luckett, Jr., Clarksdale, for appellant.
Levingston, Jacks, Levingston & Land, Jeffrey A. Levingston, Cleveland, for appellees.
Before SMITH, WALKER and COFER, JJ.
WALKER, Justice, for the Court:
This is a suit on an insurance policy. The Circuit Court of Bolivar County on its construction of the clauses in the policy awarded the Hesters $10,000 which the appellant insurance company, in reliance on its interpretation of the policy, had refused to pay.
The Hesters entered into an "umbrella excess third party liability" insurance contract with Continental. The policy provided that the insurer would indemnify the insured for any covered losses which exceeded $10,000 up to a maximum of $1,000,000. The policy referred to the $10,000 figure as a "retained limit."
On or about July 25, 1975, a joint and several judgment was entered against appellees, James and William Hester, and also against Roy E. Thedford and Thedford Aero, Inc. The judgment was for $43,759.91.
*696 After the judgment, the basic insurance carrier of Thedford Aero, Inc. paid $9,500 in partial satisfaction of the debt. Additionally, a deductible on that policy in the amount of $500 was paid by Roy Thedford individually. Thus, Thedford Aero and Thedford individually satisfied $10,000 of the $43,759.91 joint and several judgment.
The Hesters did not have a basic insurance policy for this type of loss, but did have coverage under the subject umbrella policy. Upon notice that Thedford and his insurer would pay $10,000, the Hesters notified Continental that it was called upon to pay the balance of the joint and several judgment and that the $10,000 paid by Thedford and Thedford Aero, Inc. qualified as the $10,000 "retained limit" referred to in the policy. Continental advised the Hesters it did not consider that sum as satisfying the "retained limit" but did satisfy the judgment except for $10,000. Upon Continental's refusal to pay, the Hesters individually paid the $10,000 to satisfy the judgment, and then brought this suit against Continental to recover the $10,000.
The question presented to this Court is whether or not under the terms of the policy, the $10,000 paid by Thedford and Thedford Aero, Inc. satisfied the "retained limit" requirement.
The applicable provisions of the policy are:
"retained limit" means the amount stated in item 4 [$10,000] of the declarations or any other collectible insurance (other than underlying insurance or insurance purchased specifically in excess of this policy) which is available to the insured. In the event the amount of said other collectible insurance is less than the amount stated in item 4 of the declarations, the insured shall retain for his own account the difference between the amount available to him from said other collectible insurance and the amount stated in item 4 of the declarations;
"ultimate net loss" means the sums paid as damages in settlement of a claim or in satisfaction of a judgment for which the insured is legally liable after making deductions for all other recoveries, salvages and other insurances (whether recoverable or not) other than the underlying insurance and excess insurance purchased specifically to be in excess of this policy and also includes investigation, adjustment, appraisal, appeal and defense costs paid or incurred by the insured with respect to damages covered hereunder. "Ultimate net loss" does not include (a) costs and expenses which an underlying insurer has paid or incurred or is obligated to pay to or on behalf of the insured, (b) office costs and expenses of the insured and salaries and expenses of employees of the insured or (c) general retainer fees of counsel retained by the insured.
.....
The company will indemnify the insured, with respect to any occurrence not covered by underlying insurance, or with respect to damages not covered by underlying insurance but which results from an occurrence covered by underlying insurance, for ultimate net loss in excess of the insured's retained limit, which the insured shall become obligated to pay as damages by reason of liability imposed upon the insured by law or assumed by the insured under any contract because of
 personal injury
 property damage, or
 advertising injury
to which this coverage applies, caused by an occurrence.
The Hesters contend that the portion of the definition of "retained limit" which reads "or any other collectible insurance... which is available to the insured," should be read to include insurance on another party which goes to partial satisfaction of a joint and several judgment. Under this theory, the payment by Thedford and Thedford's insurer would satisfy the $10,000 "retained limit" on the Hesters' umbrella policy. In the alternative, the Hesters argue the phrase is at least ambiguous and therefore should be construed most strongly against the insurer. *697 See State Farm Mutual Auto Ins. v. Taylor, 233 So.2d 805 (Miss. 1970).
We reject the Hesters' contention. While ambiguities in insurance policies should be construed in favor of the insureds, we are of the opinion the policy in question is unambiguous. It is well settled that the words of a contract are to be given their ordinary meanings. Ferguson v. Provident Life & Accident Ins. Co., 170 Miss. 504, 155 So. 168 (1934). The key to the meaning of the phrase "... or any other collectible insurance ... which is available to the insured, lies in the phrase "available to the insured." "Available" is defined as that which "... is accessible or may be obtained: personally obtainable .. at disposal especially for sale or utilization." Webster's Third New International Dictionary (1971). Clearly, Thedford Aero's insurance was not at the disposal of the Hesters  they had no legal claim on it. Therefore, the insurance was not available to the appellees.
This construction is reinforced when considered in conjunction with the policy's definition of "ultimate net loss" which states:
"ultimate net loss" means the sums paid as damages .. . in satisfaction of a judgment for which the insured is legally liable after making deductions for all other recoveries ... and other insurances.... (Emphasis added).
Thus, the amount paid by Thedford and Thedford Aero was a "recovery" or "other insurance" within the meaning of the above provision. It is axiomatic that all provisions of an insurance policy must be so construed, if possible, to give effect to each. So. Home Ins. Co. v. Wall, 156 Miss. 865, 127 So. 298 (1930). To construe the policy as urged by appellees, would both be contrary to the ordinary meaning of the words used, and would render part of the definition of "ultimate net loss" meaningless. We decline to do that.
In determining the amount which the insurance company must pay under the policy, both the retained limit and all other recoveries must be subtracted from the total. Since the monies paid by Thedford Aero and Thedford constituted other recoveries within the meaning of the policy, the retained limit was never satisfied.
For the foregoing reasons, the judgment of the circuit court is reversed and judgment is entered here for the appellant.
REVERSED AND JUDGMENT HERE FOR APPELLANT.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.