**Donna McFARLAND, Plaintiff,**

v.

**UTICA FIRE INSURANCE COMPANY OF ONEIDA COUNTY, NEW YORK, and Estes, Parker & Associates, Inc., Defendants.**

**Civ. A. No. J91–0125(W).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 16, 1992.

Van Douglas Gunter, Jackson, MS, Alfred Lee Felder, McComb, MS, for plaintiff.

Robert A. Miller, Louis B. Lanoux, Jackson, MS, for defendants.

ORDER GRANTING DEFENDANT ESTES' MOTION FOR DISMISSAL, DENYING PLAINTIFF'S MOTION TO RECONSIDER REMAND, DENYING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PUNITIVE DAMAGES

WINGATE, District Judge.

The following motions are before this court: defendant Estes' motion for dismissal pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure; plaintiff's motion to reconsider remand; and defendants' joint motion for summary judgment or, in the alternative, for partial summary judgment as to punitive damages and extra-contractual damages pursuant to Rule 56[2] of the Federal

---

1. Rule 12(b)(6) states as follows:
 (b) **How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted, ...

2. Rule 56(b) of the Federal Rules of Civil Procedure states as follows:
 (b) **For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

Rules of Civil Procedure. Defendant Estes' motion to dismiss raises issues which also are raised in the defendants' joint motion for summary judgment. This court retains jurisdiction of this lawsuit by way of diversity jurisdiction, 28 U.S.C. § 1332.[3] Therefore, under the doctrine of *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the law of Mississippi governs in the disposition of this case.

### Undisputed Facts

Defendant Utica Fire Insurance Company of Oneida County, New York (hereinafter "Utica"), through its agent in Mississippi, Estes, Parker & Associates (hereinafter "Estes"), issued the property insurance policy, number HO 95–84–88 (hereinafter "policy") to plaintiff Donna McFarland (then Donna F. Adcock, hereinafter "plaintiff") and her then husband, William M. Adcock (hereinafter "Adcock") for their dwelling at 354 Wheatley Street, Jackson, Mississippi. The policy was issued for the time period of June 28, 1990, to June 28, 1991, and provided maximum coverage of $31,000.00 for personal property. According to the "Definitions" section of the policy, insureds under the policy include the person named in the "Declarations" section of the policy (William M. Adcock) and the named insured's spouse (Donna F. Adcock), if a resident of the named insured's household.

Pursuant to the terms of the policy, "personal property by or in the care of an insured" is covered. "Coverage C: Personal Property," Policy, page 3. Exclusions that apply to property coverage, including personal property coverage, are listed on pages 7 and 8 of the policy. Exclusion provision number 11, the intentional loss exclusion provision, reads as follows:

> Intentional Acts. We do not pay for loss which results from an act committed by or at the direction of an insured and with the intent to cause a loss.

Policy, page 8. In addition, the "Definitions" section of the policy contains the following language in reference to the term "insured": "[e]ach of the above is a separate insured, but this does not increase our limit." Policy, page 1.

Sometime prior to October 18, 1990, plaintiff and William M. Adcock became estranged, and Adcock moved out of their residence at 354 Wheatley Street, Jackson, Mississippi. On October 18, 1990, the plaintiff asked defendant Estes to remove Adcock's name from the policy. However, Estes refused to do so, citing the need for Adcock's independent authorization and/or supporting documentation from plaintiff, (i.e., divorce decree, quit claim deed, warranty deed and a letter from the mortgage company releasing Adcock of his obligations).

A few days later, on October 21, 1990, Adcock went berserk and attacked the plaintiff's residence with a baseball bat, causing damage to plaintiff's real and personal property. After Adcock bragged to the plaintiff about what he had done, the police were called. Adcock assaulted the two officers who responded. In order to subdue Adcock, the Jackson police had to cordon off the neighborhood and call in its SWAT team. [McFarland Deposition, p. 34].

After plaintiff ascertained damages to her personal property to total $14,000.00, she applied for coverage under her policy with defendant. On January 10, 1991, defendant Utica denied plaintiff's claim for the damage done to her dwelling and personal property. [Letter from James L. Hubbard of Utica Insurance Company to Donna F. Adcock, January 10, 1991]. Citing as the basis for its denial the "Intentional Acts" exclusion provision, Utica offered plaintiff the explanation that: "Since homeowners' policies do not provide coverage for the insureds for damage caused by an insured, we cannot make any payment to you." *Id.* To date, Utica still relies upon this ground to exclude coverage. According to Utica, there is no coverage under its policy with its intentional loss exclusion provision for any damage caused by any insured.

---

**3.** Title 28 U.S.C. § 1332(a)(1) states as follows:
 (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
 (1) citizens of different States;

*Defendant Estes' Motion for Dismissal*

Originally filed in the First Judicial District of the Circuit Court of Hinds County, Mississippi, this action was removed to this court pursuant to 28 U.S.C. § 1441.[4] In her complaint, the plaintiff alleged that Utica breached its duty to pay benefits owed to her under an insurance contract and that Estes negligently breached its duty as a known agent of Utica when Estes refused to remove Adcock's name from the policy upon plaintiff's request. By joint petition and notice of removal, the defendants removed this case to this court on March 19, 1991, on grounds of diversity of citizenship and fraudulent joinder of the local agent, Estes, since Estes, a Mississippi business, was non-diverse to the plaintiff. On or about April 22, 1991, plaintiff filed a motion for remand. On June 19, 1991, Magistrate Judge Countiss issued an order denying plaintiff's motion for remand. Subsequently, this court affirmed the Magistrate Judge's Order after plaintiff filed an appeal. This court reaffirms the Magistrate Judge's order of June 14, 1991, inasmuch as the plaintiff's complaint fails to state a cause of action against Estes, and, thus, defendant Estes' motion for dismissal is granted.

■ In circumstances where a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a breach of duty or contract committed by the principal. *Moore v. Interstate Fire Insurance Company*, 717 F.Supp. 1193 (S.D.Miss. 1989); *Schoonover v. West American Ins. Co.*, 665 F.Supp. 511 (S.D.Miss.1987); *Gray v. United States Fidelity & Guaranty*, 646 F.Supp. 27 (S.D.Miss.1986); *Columbus v. Reliance Insurance Company*, 626 F.Supp. 1147 (S.D.Miss.1986).

■ An agent can incur independent liability if the agent engages in independent conduct which rises to the level of gross negligence, malice or reckless disregard for the rights of the plaintiff. *Dunn v. State Farm Fire & Casualty Co.*, 711 F.Supp. 1359, 1361

(N.D.Miss.1987); *Bass v. California Life Insurance Company*, 581 So.2d 1087, 1090 (Miss.1991), overruling in part *Griffin v. Ware*, 457 So.2d 936, 940 (Miss.1984).

In order to allege negligence properly against defendant Estes, the plaintiff must allege facts which, if proved, would support a finding that the agent, Estes, had a duty to remove Adcock's name from the policy. Plaintiff cannot satisfy this burden simply by alleging conclusions. She must plead facts which demonstrate actionable negligence. *Perry v. Standard Oil Company*, 15 F.Supp. 563 (S.D.Miss.1936); *Stokes v. Great Southern Lumber Co.*, 21 F.2d 185 (S.D.Miss.1927); *King v. Mississippi Power & Light Company*, 244 Miss. 486, 142 So.2d 222 (1962); *Horton v. Lincoln County*, 116 Miss. 813, 77 So. 796 (1918).

■ Plaintiff's complaint against Estes is deficient. The complaint against Estes alleges no duty imposed on Estes under the law which was violated. Plaintiff's complaint would hold Estes liable for failing to remove Adcock's name from the insurance contract, solely on plaintiff's say-so, and without any authority from Adcock. However, an agent has no duty to remove a named insured from a policy at the mere insistence of a co-insured and absent authorization from the named insured. Generally, as to insurance contracts, "a declaration, statement, or demand made by one party only, and not consented to by the other, has no effect." *Couch on Insurance 2d* (Rev.ed) § 65:17 at 254. "... [A]n insurer cannot materially modify an existing and completed contract of insurance without the consent of the insured; that is, a valid and binding contract of insurance cannot be changed or altered in any material respect, by the insurer or its agent, without the knowledge or consent of the insured." *Id.* at 255. *See Motors Ins. Corp. v. Stanley*, 237 Miss. 681, 115 So.2d 678, 683 (1959) (a soliciting and collecting agent for an insurer is without power to modify an insurance contract ...); *Travelers Fire Ins. Co. v.*

---

**4.** Title 28 U.S.C. § 1441 states as follows:
 (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

*Price,* 169 Miss. 531, 152 So. 889, 891 (1934) (soliciting and collecting agent of insurance company is without power to modify contract of insurance).

■ Adcock was a named insured on the policy. Therefore, no material alteration of the policy could have been effected without his consent. Absent Adcock's consent, the agent had neither the authority nor the duty to delete Adcock's name at the request of the plaintiff. Indeed, had Estes removed Adcock's name from the policy at the mere insistence of the plaintiff, the alteration would have been void and of no effect.

Thus, since plaintiff has failed to allege any duty Estes owed to the plaintiff under the circumstances stated in her complaint, plaintiff's negligence claim against Estes fails. *Perry v. Standard Oil Company,* 15 F.Supp. 563 (S.D.Miss.1936); *Stokes v. Great Southern Lumber Co.,* 21 F.2d 185 (S.D.Miss.1927); *King v. Mississippi Power & Light Company,* 244 Miss. 486, 142 So.2d 222 (1962); *Horton v. Lincoln County,* 116 Miss. 813, 77 So. 796 (1918). Therefore, defendant Estes hereby is dismissed from this lawsuit.

### *Plaintiff's Motion to Reconsider Remand*

As above stated, the plaintiff has failed to set forth in her complaint any facts upon which the resident defendant, Estes, may be found liable to the plaintiff. Plaintiff's whole argument for remand is premised upon her contention that she has a viable claim against Estes who is non-diverse to the plaintiff.

■ Remand is properly denied where the facts asserted by the plaintiff as the basis for the alleged liability of the resident defendant could not possibly create such liability. *See Parks v. New York Times Company,* 308 F.2d 474, 477 (5th Cir.1962). This court previously has determined that plaintiff's complaint fails to allege a proper cause of action against Estes. Therefore, the court denies plaintiff's motion requesting the court to reconsider a remand of this case to state court.

Without Estes, which is non-diverse to the plaintiff, there is diversity of citizenship here because plaintiff is a resident of Mississippi, and defendant Utica is a citizen of New York.

Thus, the court has jurisdiction of the remaining parties under 28 U.S.C. § 1332.

### *Defendant Utica's Motion for Summary Judgment*

The basis of this cause of action ultimately rests upon the parties' conflicting interpretation of the "Intentional Acts" exclusion clause, located on page 8 of the policy under the section entitled "Exclusions That Apply To Property Coverage." The exclusion reads as follows:

> Intentional Acts. We do not pay for loss which results from an act committed by or at the direction of an insured and with the intent to cause a loss.

The plaintiff argues that the language of the intentional acts provision does not negate Utica's duty to pay under these circumstances. The plaintiff contends that an innocent spouse, as here, should not be denied her insurance proceeds merely because of the wrongful act of a co-insured. Viewing her insured interests under the insurance contract as separate from her co-insured, the plaintiff points to language in the policy which, says plaintiff, establishes her position. Specifically, the plaintiff asserts that the language on page 1 which refers to "separate insured[s]" creates severable interests between co-insureds such that the act of one co-insured which falls within an exclusion does not deprive the innocent co-insured of the proceeds due her under the policy. Lastly, the plaintiff argues that Adcock's behavior was not rational and, as such, was not "intend[ed] to cause a loss" within the meaning of the exclusion.

The defendant, Utica, on the other hand, argues that the language of the intentional act provision is unambiguous and can only be read to exclude coverage under these facts. Utica contends that "an insured" should be read to mean "any insured." Therefore, according to Utica, as to intentional losses, the policy makes all insureds' interests non-severable; the wrongful act of one insured, says Utica, automatically excludes the innocent co-insured from coverage. Utica also denies that the "separate insured[s]" language on page 1 constitutes a "severability clause."

Instead, by way of argument only and unsupported by any affidavits, Utica claims that the only purpose of this language is to prevent the stacking of liability coverages. Finally, Utica relies on Mississippi's rules as to the construction of insurance contracts which require courts to adhere to the plain language of the contract as written, provided there is no ambiguity. *Foreman v. Continental Cas. Co.,* 770 F.2d 487, 489 (5th Cir. 1985).

Both parties rely heavily upon two of the same court opinions in support of their arguments: *McGory v. Allstate Insurance Company,* 527 So.2d 632 (Miss.1988), and *Dunn v. State Farm Fire and Casualty Company,* 927 F.2d 869 (5th Cir.1991) (applying Mississippi law).

In *McGory v. Allstate Insurance Company, supra,* the insureds were a married couple whose insured rental property burned down under suspicious circumstances which caused the insurer to suspect the insureds. The fire undisputedly was of incendiary origin. There were multiple fire seats. The McGorys were deep in debt. And, they had shown recent interest in the status of their home insurance. Subsequently, the insurer brought an action for a declaratory judgment, seeking a finding that it had no obligations under the policy on the theory that the fire had been deliberately set by the plaintiffs.

The bulk of the *McGory* opinion is devoted to determining what burden of proof an insurer must meet when asserting the defense of willful incendiarism. That part of the Court's opinion which has captured the attention of the parties in the case *sub judice* addresses the inadequacy of the trial court's instructions to the jury on the quantum of proof necessary to hold liable the co-insured, the wife.

As a starting point for finding the jury instructions below inadequate, the *McGory* Court held that "absent insurance policy clauses excluding coverage to both co-insureds because of the deliberate wrongful act of one co-insured (non-severability clauses), the innocent spouse or business partner insured can recover on the policy." *McGory,* 527 So.2d at 638.

The plaintiff champions the above language, arguing that the *McGory* holding completely supports her position. On the other hand, the defendant emphasizes that the innocent spouse's entitlement arises only "absent [an] insurance policy clause[ ] excluding coverage to *both* co-insureds because of the deliberate wrongful act of one co-insured." Defendant then maintains that the clause at issue *sub judice* is the same sort of exclusionary clause envisioned by *McGory.* The plaintiff ripostes that the exclusionary provision here is too ambiguous to receive blessing under *McGory.*

In *Dunn v. State Farm Fire and Casualty Company, supra,* the plaintiff sued the defendant insurer to recover insurance proceeds for her home which was destroyed in a fire started by her husband. The parties settled the breach of insurance contract claim, but the plaintiff appealed the court's grant of partial summary judgment against her punitive damages claim. During its discussions of the plaintiff's allegations of bad faith, the *Dunn* Court merely restated the *McGory* holding. The plaintiff relies on *Dunn* for *Dunn's* recognition of the *McGory* rule that an "innocent wife could recover her share of insurance proceeds, regardless of the husband's criminal acts." *Dunn,* 927 F.2d at 874. However, as pointed out by defendant, *Dunn* did not involve an intentional acts exclusion provision. And, since the breach of the insurance contract claim was settled below, the issue of under what circumstances an insured should be denied coverage because of the deliberate, wrongful acts of a co-insured was not even discussed in *Dunn.* Thus, *Dunn* is largely inconclusive to the issue before this court.

Defendant then cites *Hall v. State Farm Fire & Casualty Co.,* 937 F.2d 210 (5th Cir. 1991) (applying Mississippi law), to bolster its contentions that the instant intentional acts exclusion provision in dispute denies any insurance proceeds to any insured, whether innocent or not, where a loss is caused by a co-insured. The intentional acts exclusion clause in *Hall,* however, is distinguishable from the one *sub judice.* The intentional

acts exclusion provision in *Hall* read as follows:

> Intentional Acts. If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

*Id.* at 213. As readily noted, the *Hall* exclusionary language deviates significantly in two major ways from the exclusionary language at issue here. First, the clause "... and we will not pay you or any other insured for this loss[,]" plainly indicates that the innocent insured will not receive benefits if her co-insured violates the intentional acts exclusion. Note that the insurer in *Hall* creates this clarity by using "any" instead of the less exclusionary term "an" employed by the defendant insurer here. Secondly, the policy provided a clear definition of "insured" which included plaintiff's spouse, as well as of "you" under which plaintiff, who was listed on the declarations page, fell. Thus, although *Hall* involves an intentional acts exclusion clause, the case offers no definitive guidance here because the exclusionary language in *Hall* and the instant case are not congruent. So, whether the exclusionary language *sub judice* occasions the same results as in *Hall* depends solely upon an analysis of the instant policy and its terms.

Both parties additionally have cited the holdings of other jurisdictions. The plaintiff primarily cites *Hosey v. Seibels Bruce Group, S.C. Ins. Co.,* 363 So.2d 751 (Ala. 1978). The policy in *Hosey* contained an intentional acts exclusion provision which read as follows:

> ... this company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured.

*Id.* at 752. Upon a review of the policy and this provision, the *Hosey* Court declared that "[t]he insured interests of Mr. and Mrs. Hosey are severable; and neither the arson nor the fraud of Mrs. Hosey ... precludes recovery by Mr. Hosey to the extent of his interest in the insured property." *Id.* at 754.

Along the way to the above conclusions, the *Hosey* Court observed:

> The insurance company contends that the law does not permit an innocent owner to recover on a policy of insurance where his co-owner/co-insured has wilfully set the jointly owned and insured property on fire. While some courts have so held, this rule has long been criticized as harsh and poorly reasoned. 5 Appleman, § 3594 (Rev.ed. 1969) Alabama has not previously directly addressed this issue. *See Home Ins. Co. v. Pugh,* 51 Ala.App. 373, 286 So.2d 49 (1973).

It has been accurately noted that:

> "The ordinary person owning an undivided interest in property, not versed in the nice distinctions of insurance law, would naturally suppose that his individual interest in the property was covered by a policy which named him without qualification as one of the persons insured...." *Hoyt v. New Hampshire Fire Ins. Co.,* 92 N.H. 242, 29 A.2d 121, 123 (1942).

*Id.* at 754.

Defendant counters with *Dolcy v. R.I. Joint Reinsurance Assn.,* 589 A.2d 313 (R.I. 1991). The intentional acts exclusion provision there read as follows:

> We do not insure for loss caused directly or indirectly by any of the following ... L. Intentional Loss, meaning any loss arising out of any act committed: (1) by or at the direction of an insured; and (2) with the intent to cause a loss.

*Id.* at 315. In *Dolcy,* an innocent non-collusive spouse sought to recover benefits under a fire insurance policy issued to a husband and wife when the other spouse intentionally set fire to the property. *Id.* at 313. The *Dolcy* Court held that loss caused by "an insured" includes losses caused by "any insured." *Id.* at 316. The *Dolcy* Court rejected Dolcy's argument that the word "an" in the clause was ambiguous and was not sufficient to place on notice a reasonable insured that he or she had no coverage if another insured commits arson. *Id.* at 316.

The defendant also cites *Vance v. Pekin Ins. Co.,* 457 N.W.2d 589 (Iowa 1990), which reasoned that "an insured" meant "an unspecified insured" and that if any insured

commits arson, all insureds are barred from recovery. *Id.* at 593. The intentional acts exclusion provision in *Vance* read as follows:

[Coverage is excluded for] intentional loss ... committed by or at the direction of an insured.

*Id.* at 590.

Both *Vance* and *Dolcy* reached their results by an analysis of the contract terms—an approach which utilizes hoary rules of juridical interpretation of state law peculiar to insurance policies. The court here adopts the same approach. Since neither party has cited a Mississippi case law which analyzes an identical or substantially similar intentional acts exclusion clause which is the central issue of this dispute, this court is called upon to gaze the radiated light from cogent Mississippi cases, especially *McGory v. Allstate Insurance Company*, 527 So.2d 632 (Miss. 1988), as they illuminate this issue to make an *Erie* guess [5] as to how Mississippi law would resolve this dispute.

■ We begin with the recitation of Mississippi's rules of insurance contract construction which hold that ambiguous language in an insurance contract is to be construed against the insurer. "When the language is ambiguous, insurance policies are to be construed in a manner most favorable to the insured, ...." *Lumbermen's Mutual Casualty Insurance Co. v. Randle*, 370 F.2d 68, 72 (5th Cir.1966); *see also Aetna Casualty & Surety Co. v. Steele*, 373 So.2d 797 (Miss.1979). The rules of insurance contract construction also posit that "[w]hether an ambiguity exists in a policy is a legal question to be determined by the court." *Love by Smith v. McDonough*, 758 F.Supp. 397, 399 (S.D.Miss.1991), quoting *Wilson v. United States Fidelity & Guaranty Insurance Co.*, 659 F.Supp. 553 (S.D.Miss.), *aff'd* 830 F.2d 588 (5th Cir.1987).

■ The above recited rules of insurance contract construction evolve from a public policy perspective that ambiguous language in contracts should be construed against the drafter who formulated the language. Under Mississippi law, "the insurance contract determines the rights of the parties unless the contractual provisions are contrary to public policy." *Gladney v. Paul Revere Life Ins. Co.*, 895 F.2d 238 (5th Cir.1990), quoting from *Cauthen v. National Bankers Life Ins. Co.*, 228 Miss. 411, 88 So.2d 103, 104 (1956).

■ Next, under Mississippi jurisprudence words, terms, phrases, and clauses in insurance contracts are to be given their everyday meanings, not hypertechnical or esoteric definitions, but their plain and common meaning. *Aero International, Inc. v. United States Fire Ins. Co.*, 713 F.2d 1106, 1109 (5th Cir. 1983); *Benton v. Canal Insurance Co.*, 130 So.2d 840, 846, 241 Miss. 493 (1961); *Ferguson v. Provident Life & Acc. Ins. Co.*, 155 So. 168, 170 Miss. 504 (1934). This follows because insureds are not expected to be wordsmiths, schooled in the craft of lexicology and, further, because the law disfavors the employment of arcane, subtle definitions of common words which but promise to confuse even the educated and frustrate the unlearned.

■ The intentional acts exclusion provision at issue here admits of more than one interpretation. One could read the exclusion in the way the defendant suggests, that both insureds are denied coverage when one insured causes an intentional loss. However, one could also read the provision to preclude coverage for the wrongful insured only. The language of the exclusion withholds coverage for "an" act committed by "an" insured, not "an" act committed by "any" insured. Hence, one also may reasonably conclude that the exclusion provision is directed only at the acting insured. This court has looked to the meaning of "an" in its quest for a solution here. According to Webster's Dictionary,[6] Black's Law Dictionary,[7] and Cor-

5. Pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal courts sitting in diversity are required to apply state law. But when the relevant state law is unsettled, federal courts are required to make an educated guess as to how the state courts would resolve the matter.

6. Webster's Third New International Dictionary 75 (1971).

7. Black's Law Dictionary 84 (6th ed. 1990).

pus Juris,[8] while "an" may mean "any"; it is seldom used to denote plurality. Thus, an insured reasonably could read either the singular or plural into the word. If the insured interprets only the singular from the word, the insured is left with the sole conclusion that the intentional acts exclusion pertains only to the culpable party.

The defendant Oneida could have cured this ambiguity through clearer or more precise language, as found in *Hall v. State Farm Fire & Casualty Co., supra,* or, alternatively, through the addition of a non-severability clause. *See McGory,* 527 So.2d at 638; 11 A.L.R. 4th 1228, 1231. But, defendant's policy contains no non-severability clause. Instead, on page 1 of the policy, there is found language which states that all insureds under the policy are "separate insureds." While defendant argues that the thrust of this language is limited, nothing in the policy suggests as much.

■ So, this court is persuaded that: firstly, the Mississippi Supreme Court would require definiteness in any exclusionary clause that would deny a premium-paying insured any recovery under the clause; secondly, that the Mississippi Supreme Court would find the language in the policy *sub judice* ambiguous; and thirdly, under this ambiguous exclusionary clause the innocent insured should not be denied coverage because of the independent, wrongful act of a co-insured. A contrary holding seemingly would run afoul of the obligation of contractual clarity imposed on insurers by a legion of Mississippi cases. *See Nichols v. Shelter Life Ins. Co.,* 923 F.2d 1158, 1162–3 (5th Cir.1991); *Employers Ins. of Wausau v. Trotter Towing Corp.,* 834 F.2d 1206, 1210 (5th Cir.1988), *reh. denied,* 841 F.2d 633 (1988); *Lumbermens Mut. Cas. Ins. Co. v. Randle,* 370 F.2d 68, 72 (5th Cir.1966); *Patton v. Aetna Ins. Co.,* 595 F.Supp. 533, 535 (N.D.Miss.1984); *Brander v. Nabors,* 443 F.Supp. 764, 769 (N.D.Miss.1978), *aff'd,* 579 F.2d 888 (1978); *America Southwest Corp. v. Underwriters at Lloyd's, London,* 333 F.Supp. 1333, 1337 (S.D.Miss.1971); *English v. Insurance Co. of North America,* 270 F.Supp. 713, 716 (N.D.Miss.1967), *aff'd,* 395

F.2d 854 (1968); *Government Employees Ins. Co. v. Brown,* 446 So.2d 1002, 1006 (Miss.1984); *Aetna Cas. and Sur. Co. v. Steele,* 373 So.2d 797, 799 (Miss.1979); *Cruse v. Aetna Life Ins. Co.,* 369 So.2d 762, 764 (Miss.1979); *Williams v. Life Ins. Co. of Georgia,* 367 So.2d 922, 925 (Miss.1979); *Continental Cas. Co. v. Hester,* 360 So.2d 695, 696–7 (Miss.1978); and further, of *McGory's* implicit holding that an innocent spouse may recover unless the insurance policy excludes same by an unambiguous intentional acts exclusion clause.

Hence, satisfied with the above reasoning and convinced that this is a question of law, *Gladney v. Paul Revere Life Ins. Co.,* 895 F.2d 238, 241 (5th Cir.1990), *quoting from Ross v. Western Fidelity Ins. Co.,* 872 F.2d 665, 668 (5th Cir.) ("The interpretation of a contract is a question of law, including the question whether the contract is ambiguous."), *clarified,* 881 F.2d 142 (5th Cir.1989); *Love by Smith v. McDonough,* 758 F.Supp. 397, 399 (S.D.Miss.1991) ("whether an ambiguity exists in the [insurance] policy is a legal question to be determined by the court"); *Wilson v. United States Fidelity and Guaranty Insurance Co.,* 659 F.Supp. 553 (S.D.Miss.), *aff'd,* 830 F.2d 588 (5th Cir.1987); *Western Line Consolidated School District v. Continental Casualty Co.,* 632 F.Supp. 295 (N.D.Miss.1986), this court denies defendant's motion for summary judgment, finding instead that defendant's intentional acts exclusion clause is ambiguous and, as such, poses no bar on its face to any recovery by an innocent insured.

### Defendant's Motion for Partial Summary Judgment as to Punitive Damages

■ Under Mississippi law, punitive damages may be assessed against an insurer only when the insurer denies a claim (1), without an arguable or legitimate basis, either in fact or law; and (2), with malice or gross negligence or disregard of the insured's rights. *Dunn v. State Fire and Cas. Co.,* 927 F.2d 869, 872 (5th Cir.1991); *Aetna Casualty & Sur. Co. v. Day,* 487 So.2d 830, 832 (Miss.

---

8. 2 C.J. *An* (1915).

1986); *State Farm Fire & Casualty Co. v. Simpson*, 477 So.2d 242, 250, 252 (Miss.1985).

 The court holds here that the defendant Utica had an arguable basis to deny the plaintiff's claim. The loss was caused by William Adcock. William Adcock was a named insured under the policy. Under defendant's interpretation, the intentional acts exclusion provision would preclude recovery by an innocent co-insured. There is no case directly on point in Mississippi which purports to interpret the thrust of defendant's intentional acts exclusion clause. Hence, the court finds that defendant was entitled to a judicial determination of this unsettled question. Therefore, defendant Utica's motion for partial summary judgment as to punitive damages is granted, and plaintiff's claim on this ground is dismissed.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Estes, Parker & Associates, Inc.'s motion to be dismissed from this lawsuit is granted;

IT IS FURTHER ORDERED AND ADJUDGED that plaintiff Donna McFarland's motion for this court to reconsider remanding this case to state court is denied;

IT IS FURTHER ORDERED AND ADJUDGED that the motion for summary judgment by defendant Utica Fire Insurance Company of Oneida County, New York, seeking a holding that its policy language precludes plaintiff from any recovery is denied. Instead, the court holds that the intentional acts exclusion provision of the subject insurance policy is ambiguous and, thus, does not by its language preclude plaintiff from recovering under the policy.

IT IS FURTHER ORDERED AND ADJUDGED that the motion for partial summary judgment by Utica Fire Insurance Company of Oneida County, New York, on the issue of punitive damages is granted.

SO ORDERED AND ADJUDGED.