Charlie WILLIAMS Plaintiff

v.

GREAT AMERICAN LIFE INSUR-ANCE COMPANY and Allan E. Rankin, General Agent Defendants

No. CIV.A.1:01 CV 468–B–.

United States District Court,
N.D. Mississippi,
Eastern Division.

June 16, 2003.

the alternative, for interlocutory appeal, and the defendant Great American Life Insurance Company's motion to strike certain affidavits. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

*Factual and Procedural Background*

On November 8, 2001, the plaintiff, Charlie Williams, filed this action in the Circuit Court of Lowndes County, Mississippi, alleging that the defendant Great American Life Insurance Company ("Great American") wrongfully denied proceeds from a life insurance policy issued to Williams' mother, Nellie C. Williams. The plaintiff also named Great American's agent Allan E. Rankin as a defendant.

According to the plaintiff, her mother met with Rankin on May 8, 2000, to apply for a life insurance policy. It is uncontested that the only two persons present during this meeting were Rankin and the plaintiff's mother. An application was completed by Rankin and signed by the plaintiff's mother, and the policy was issued a week later.

In February 2001, the plaintiff's mother died of cardio-pulmonary arrest. The plaintiff subsequently submitted the claim for life insurance policy proceeds to Great American. The company investigated and denied the claim and refunded the premium. The company based its decision on the fact that the plaintiff's mother had neglected to disclose her history of hypertension and heart palpitations with her policy application.

It is uncontested that approximately three years prior to her meeting with Rankin, the plaintiff's mother had been treated by Dr. Gregory Nunez of Columbus for hypertension and heart palpitations. The plaintiff alleges that, during the meeting with Rankin, her mother informed Rankin

Gary Street Goodwin, Goodwin & Goodwin, Columbus, for Charlie Williams, plaintiff.

Walter D. Willson, Wells Marble & Hurst, PLLC, David A. Barfield, Lara Ashley Coleman, Barfield & Associates, Jackson, for Great American Life Insurance Company, Allan E. Rankin, General Agent defendants.

**MEMORANDUM OPINION**

BIGGERS, Senior District Judge.

This cause comes before the court upon the plaintiff's motion to dismiss for lack of jurisdiction or for out of time remand, the plaintiff's motion for reconsideration or, in

of her medical problems but he failed to report her condition on the life insurance application. In the alternative, the plaintiff alleges that Rankin did not inform her mother of the importance and necessity of giving accurate details of her medical history. In the third alternative, she pleads that if the proper investigative steps had been taken by the underwriter, her mother's health problems would have been revealed.

The plaintiff brought suit in Lowndes County for $50,000, which represents the face value of the policy, and $2,000,000 in punitive damages. She alleges that Great American is guilty of the condemned practice of "post-claim underwriting." The defendants subsequently removed to this court on the ground that the plaintiff fraudulently joined Rankin in order to defeat diversity jurisdiction.

*Motion to Strike Affidavits*

The plaintiff's alleged cause of action against Rankin stems from the allegation that he in some way did not "truthfully complete" Nellie Williams' application for life insurance. In support of her position, the plaintiff has submitted three affidavits for the court's consideration. The plaintiff argues that the affidavits constitute circumstantial evidence tending to support her claim. Great American has moved to strike all three.

■ The first of these is the affidavit of John H. Clark, a retired insurance agent. Clark is of the opinion that "no reasonably prudent agent would believe that any person, no matter what race, over 50 years old had no health problems." He states that Rankin should have been skeptical of a sixty-year-old African–American lady who stated she had no health problems. Clark states, based on his experience, "that hypertension is extremely prevalent among black Americans . . . ." The plaintiff would have the finder of fact infer from Clark's

affidavit that because Rankin should have been suspicious of Nellie Williams' responses, Rankin is guilty of some wrongdoing. That is, either Williams did inform him of her history, and Rankin failed to report it, or Rankin never informed her of the importance of an accurate medical report. The court finds this leap to be too broad. The inference is unreasonable. Clark's affidavit contains no evidence that would tend to make more or less probable the proposition that Rankin made fraudulent misrepresentations to the plaintiff's mother or that he failed to adequately complete the policy application after Williams fully disclosed her medical history. *See* Fed.R.Evid. 401. Expert evidence or testimony must " 'assist the trier of fact to understand the evidence or to determine a fact in issue.' This condition goes primarily to relevance." *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 591, 113 S.Ct. 2786, 2795, 125 L.Ed.2d 469 (1993) (quoting Fed.R.Evid. 702). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert,* 509 U.S. at 591, 113 S.Ct. 2786. Clark's testimony is conjectural and irrelevant. Further, the court is not convinced of Clark's competency to testify regarding many of the issues he addresses. Having found the evidence irrelevant, however, the court has no need to make a determination on the issue of competency.

■ The second affidavit which the plaintiff submits for the court's consideration is that of Leslie Melvin. Melvin explains the manner in which he became acquainted with Williams and states that she had a "reputation for truthfulness, honesty, and straight-forwardness in all of her business and personal dealings." Rules 404(a)(3) and Rule 608(a) of the Federal Rules of Evidence allow evidence of the character of a witness for truthfulness or untruthfulness. Nellie Williams, how-

ever, is not a witness. The plaintiff argues that Williams is a "witness" in the sense that she speaks through her life insurance application. Even if the court accepts this argument as valid, the court nevertheless finds that Melvin's affidavit is irrelevant and should be stricken. Whether Williams had a reputation for truthfulness has no bearing on whether Rankin's conduct was fraudulent. The plaintiff again asks the fact-finder to make too broad of an inference from circumstantial evidence.

The third affidavit is that of the plaintiff herself. Therein the plaintiff states that, with the exception of the signatures, her mother's life insurance application was not completed in her mother's handwriting. This fact is uncontested, and the plaintiff's affidavit is, thus, irrelevant and should be stricken. For the forgoing reasons, the court finds that Great American's motion to strike the affidavits of John H. Clark, Leslie Melvin, and Charlie Williams is well-taken and should be granted.

### Motion to Remand

■■ The plaintiff moves to dismiss or to remand on the ground that she has alleged a cognizable claim against the defendant, Allan Rankin, who is a Mississippi resident. To prove their allegation of fraudulent joinder, the defendants must demonstrate that there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendant in state court. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). In evaluating fraudulent joinder claims, the court must first resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Dodson*, 951 F.2d at 41. The court must then determine whether that party has any possibility of recovery against the party whose joinder is in question. *Id.* "In this circuit, a removing party's claim of fraudulent joinder to destroy diversity is viewed as

similar to a motion for summary judgment. . . . A court is to pierce the pleadings to determine whether, under controlling state law, the non-moving party has a valid claim against the non-diverse parties." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389, 389–90 (5th Cir. 2000) (quoting *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)).

■■ "In circumstances where a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a breach of duty or contract committed by the principal." *McFarland v. Utica Fire Ins. Co.*, 814 F.Supp. 518, 521 (S.D. Miss. 1992). An agent can, however, incur liability independently if his independent conduct arises to the level of gross negligence, malice, or reckless disregard for the plaintiff's rights. *McFarland*, 814 F.Supp. at 521.

■ The plaintiff alleges that Rankin made fraudulent misrepresentations to Nellie Williams and/or completed her application in an untruthful manner. To establish fraudulent misrepresentation, the plaintiff must prove, by clear and convincing evidence, the following elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity, or ignorance of the truth; (5) the speaker's intent that it should be acted on by the hearer and in a manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth and his right to rely thereon; and (8) the hearer's consequent and proximate injury. *Cockerham v. Kerr-McGee Chemical Corp.*, 23 F.3d 101, 104 (5th Cir. 1994).

In support of her position, the plaintiff submits this district's ruling in *Sullivan v. Nat'l States Ins. Co.*, No. 1:99CV136-P-D, 1999 WL 33537121 (N.D. Miss. Nov. 4, 1999). In this factually similar case, the district court granted the plaintiff's motion to remand after finding that a claim for

intentional misrepresentation under Mississippi law existed against the agent. After policies were issued to the plaintiff and her husband, her husband died, possibly due to a heart condition disclosed to the agent but not reported on the insurance application. The plaintiff was denied the benefits of her husband's life insurance policy. The case is distinguishable from the case at bar, however, because the plaintiff in *Sullivan* was a party to the meeting with the agent. She, therefore, witnessed the agent's misrepresentations. In the present case, the only witnesses to the conduct and representations of the agent were Rankin himself, who has unequivocally denied under oath the plaintiff's allegations, and the now-deceased Nellie Williams. Further, the *Sullivan* court appears to have based its decision to remand primarily on the pleadings. The court stated that it "merely takes as true the allegations from the plaintiff's complaint in determining if there is any possibility of recovery against the non-diverse defendant...." This court, however, elects to examine the evidence outside of the pleadings and conduct a summary-judgment type analysis to determine whether fraudulent joinder is established. The Fifth Circuit has made it abundantly clear that it is within the district court's discretion to conduct such an examination. *See, e.g., Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389, 389–90 (5th Cir. 2000).

When the court pierces the pleadings in the present case, it finds no credible, relevant evidence indicating a reasonable possibility that the plaintiff would be able to recover against Rankin for fraudulent misrepresentation or any other claim in state court. The defendants, on the other hand, have submitted Rankin's affidavit which unequivocally states that "[t]he information filled out on the application truthfully, accurately, and completely represents the information given to [Rankin] by Nellie Williams." Rankin also states:

3. I explained to Nellie Williams that the information she was giving to me for the completion of the application would be used by Great American Life Insurance Company to determine her eligibility for the policy.

4. Neither Nellie Williams nor anyone else informed me that Nellie Williams had been treated, prior to the completion of the application for insurance, for chest pain, palpitation, high blood pressure, heart murmur, heart attack, or other disorder of the heart or blood vessels.

Rankin's affidavit flatly contradicts the conclusory allegations made by the plaintiff and stands as credible, reliable evidence negating the possibility of the existence of a claim against Rankin. There is no reasonable basis for predicting that the plaintiff might establish liability against Rankin in state court. For these reasons, the court finds that the plaintiff's motion to remand should be denied.

### Motion for Reconsideration or for Interlocutory Appeal

This court entered an order on January 2, 2003, holding in abeyance its ruling on the remand issue and allowing the parties to continue remand-related discovery and supplement the briefing. The plaintiff moves for reconsideration of this order. The plaintiff argues that when the court found "the record deficient for a final determination of the fraudulent joinder issue" in its January 2 order, Great American had failed to meet its burden to show by clear and convincing evidence that there was no possibility of a valid cause of action against Rankin in state court. The plaintiff argues that the court by its January 2 order "inherently [and erroneously] shifted the burden to the plaintiff to show a possibility of a valid cause of action against [Rankin]." The plaintiff further states:

The record was either sufficient or insufficient to show "no possibility." If sufficient, there would be no remand. If insufficient, (as the court ruled) remand is dictated. Jurisdiction either exists or it does not .... As the denial of remand, based on the standard applied by this Court, conflicts with the standard applied by other district courts, as well as with established law regarding fraudulent joinder, interlocutory appeal is both permitted and applicable pursuant to 28 U.S.C. § 1292(b).

The plaintiff has misinterpreted the court's order. The court is aware of the standard in matters of removal and remand[1] and, contrary to the plaintiff's assertions, has not shifted the burden to the plaintiff. As of January 2, 2003, the court was inclined to find that the defendants had met *their* burden as the plaintiff had offered not a scintilla of evidence of a claim against Rankin beyond conjecture and unreasonable inferences. The defendants were persuasive in their argument that no claim existed against Rankin. Rather than so finding at that time, however, the court held its ruling in abeyance and offered, primarily for the benefit of the plaintiff, the opportunity to continue discovery and present evidence in support of the parties' respective arguments. In other words, on January 2, 2003, the court was prepared to rule for the defendants but wished to allow the plaintiff every opportunity to present a sufficient argument for remand. The plaintiff has failed to do so. The court finds that the plaintiff's motion for reconsideration should be denied.

The court further finds that the plaintiff's motion for interlocutory appeal should be denied. The statute governing interlocutory appeals, 28 U.S.C.A. § 1292(b), provides in pertinent part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order ....

The plaintiff has failed to show "substantial ground for difference of opinion" on the matter in question, and the court finds that an immediate appeal will not "materially advance the ultimate termination of the litigation." For these reasons, the motion for interlocutory appeal shall be denied.

### Conclusion

For the forgoing reasons, the court finds that the defendants' motion to strike affidavits should be granted. The plaintiff's motion to dismiss or for out of time remand should be denied. The court further finds that the plaintiff's motions for reconsideration and for interlocutory appeal should be denied. A separate order in accord with this opinion shall issue simultaneously herewith.

---

1. The plaintiff is correct in her assertion that the defendant must establish the existence of federal subject matter jurisdiction. *See Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir.1995) ("To support removal, the defendant bears the burden of establishing federal jurisdiction over the state-court suit.")